# TIMELINE OF DUE PROCESS DEPRIVATION:

**The IHO's Systemic Ban on Motions and Pleadings (TWC VR Docket No. 2026-27)**
This timeline documents the sequential administrative filings by the Appellant and the subsequent orders issued by Impartial Hearing Officer (IHO) June A. Mann, which functioned to completely silence the Appellant and strip the administrative record of all emergency motions and civil rights complaints leading up to the May 1, 2026, housing deadline.

**MARCH 23 – 25, 2026 | Initial Attempts to Establish the Record**

- 🟢 **Action:** Appellant files Supplemental Administrative Record (Exhibits A-E) regarding TXST non-compliance (Mar 23).
- 🟢 **Action:** Appellant files *Procedural Notice: Violation of "Stay-Put" Provision*, formally reporting the retaliatory BVI downgrade (Mar 23).
- 🟢 **Action:** Appellant files *Settlement Conditions and Statement of Desired Relief* (Mar 25).

**MARCH 30, 2026 | The "Too Early" Trap**

- 🟢 **Action:** Appellant files *Master Exhibit List* and *Maintenance Expense Log*.
- 🔴 **Action:** IHO Mann issues *Order Striking Purported Exhibits and Settlement Proposals*.
    - 🔴 **Effect:** Strikes the Appellant's March 23 (Exhibits) and March 25 (Settlement) filings.
    - **IHO Justification:** Filings were submitted *before* the Pre-Hearing Conference and before filing procedures were established. (Establishes the rule that Appellant cannot file proactively).

**APRIL 4 – 8, 2026 | The "Pre-Gag Order" Payload**

- 🟢 **Action:** Appellant issues *Omnibus Demand for Cure* directly to Agency regarding inaccessible "Dead PDFs" and withheld audit logs (Apr 4).
- 🟢 **Action:** Appellant files *Amended Objection to Improper Ex Parte Communication and Motion for Sanctions*, exposing Director Marler's secret communications with the tribunal (Apr 7).
- 🟢 **Action:** Appellant files *Amended Formal Objection to VRSM A-204-4* (objecting to the Agency's rule forbidding ADA oversight) (Apr 7).
- 🟢 **Action:** Appellant files *Motion to Compel Discovery and Request for Issuance of Subpoenas* to obtain the withheld digital audit logs (Apr 8).
- 🟢 **Action:** Appellant files *Notice of Objection to Pre-Hearing Order, Request for Restatement of Issues, & Motion to Consolidate* (Apr 8).

**APRIL 9, 2026 | The Six-Hour Retaliation Window & Gag Order #1**

- 🟢 **Action (12:38 PM):** Appellant files *Reply and Supplemental Motion to Strike* exposing Regional Director Marler's violations of Federal Rule of Evidence 408 (forwarding confidential settlement offers to the IHO to prejudice the tribunal).

- 🔴 **Action (6:00 PM):** IHO Mann signs an *Order* instituting a stay on all pleadings. (**April 9 - April 24**)
  - 🔴 **Effect:** Legally forbids the Appellant from filing any "further motions or similar pleadings."
  - **Strategic Context:** This blanket ban was issued *less than six hours* after Appellant filed the Rule 408 Motion to Strike against the Regional Director, and 48 hours after demanding digital audit logs.
- 🟢 **Action (11:04 PM):** Appellant files *Formal Notice of Vendor Administrative Exhaustion* containing the final TXST OEO Investigation Report (File-stamped the following morning on April 10).

**APRIL 10, 2026 | Bypassing the Gag Order to Preserve the Record**

- 🟢 **Action (4:31 PM):** Appellant files *Formal Notice of Objection to the Order Staying Motions and Pleadings*. Appellant explicitly notes the filing is not a motion requesting a ruling, but rather a notice filed "solely to preserve the record for federal judicial review and to provide notice to the administrative record of the irreparable harm occurring during the stay."

**APRIL 15, 2026 | The "Shadow Docket" Confirmation**

- 🟢 **Action (10:13 AM):** Appellant emails a *Clerical Request for Official Docket Sheet*, requesting a chronological index of the record due to the lack of an accessible online portal.
- 🔴 **Action:** IHO Mann denies the request to provide a docket sheet (a fact she formally admits in her subsequent April 28th Order).
  - 🔴 **Legal Impact:** The IHO weaponizes the "gag order" to deny a basic administrative request, forcing the Appellant to proceed to the April 24th hearing completely blind to what is officially on the record and what evidence has been secretly stricken or admitted.

**APRIL 22, 2026 | Gag Order #2 (The Extension)**

- 🔴 **Action:** IHO Mann signs a second *Order* extending the freeze. (**Active Blockade: April 22 - April 24**)
  - 🔴 **Critical Defect:** *This order was signed but NOT transmitted to the Appellant on this date.*

**APRIL 23, 2026 | The Mass Execution of the Record & Federal Notice**

- 🟢 **Action (5:17 AM):** Appellant files *Formal Notice of Futility of April 24 Status Conference*, officially objecting to the tribunal's refusal to provide a docket index. Appellant places the tribunal on notice that the structural denial of due process leaves federal court as the only remedy.
- 🔴 **Action:** IHO Mann issues five separate orders systematically erasing the Appellant's remaining civil rights record.
  - 🔴 **Effect 1 (No Jurisdiction):** Denies the April 7 objection to VRSM A-204-4,

formally ruling the tribunal will not hear ADA/Rehab Act violations.
    - 🔴 **Effect 2 (Prior Restraint):** Denies the April 8 Motion to Consolidate and orders that any future filing mentioning the retaliatory BVI downgrade "shall automatically be stricken."
    - 🔴 **Effect 3 (Erasure of Retaliation):** Strikes the March 23 "Stay-Put" notice regarding the BVI downgrade.
    - 🔴 **Effect 4 (Erasure of Evidence):** Strikes the March 30 Master Exhibit list.
    - 🔴 **Effect 5 (Vendor Protection):** Strikes the April 9 Notice of Vendor Exhaustion and OEO Investigation Report.

**APRIL 24, 2026 | The Status Conference (Audio Gagging)**

- **Action:** A brief status conference is held. The April 22nd written order prohibiting filings has *still* not been served on the Appellant.
- 🔴 **Action:** During the teleconference, IHO Mann actively prevents the Appellant from reading his prepared April 23rd *Notice of Futility* into the official audio record, effectively silencing his objections to the tribunal's due process violations.

**APRIL 25 – 28, 2026 | The Emergency Filings & The "Selective Processing" Trap**

- 🟢 **Action (Apr 25, 2:32 PM):** Operating under the belief that the April 9th freeze expired, Appellant files an *Exception and Motion to Reconsider*. This motion exposes the IHO's fundamental legal error of conflating subject matter jurisdiction with evidentiary admissibility.
- 🟢 **Action (Apr 26, 8:54 PM):** Appellant files *Formal Notice of Systemic Privacy Breach* after discovering unredacted third-party medical/psychiatric records commingled in the agency file.
- 🟢 **Action (Apr 28, 4:07 AM):** Facing an imminent housing discharge on May 1st, Appellant files an *Emergency Motion for Interim Relief*.
- 🟢 **Action (Apr 28, 2:24 PM):** Appellant files *Motion for Judicial Notice*, exposing that the Agency selectively processed later filings while intentionally omitting the April 26th Privacy Breach notice from the administrative docket to suppress the HIPAA violations.

**APRIL 26, 2026 | The "Transmittal Trap"**

- **Action:** The VR Hearings Coordinator finally transmits the April 22nd Gag Order to the Appellant via email.
    - **Legal Impact:** The Agency served an order restricting the Appellant's rights four days after it was signed, and *after* the Appellant had already resumed filing in good faith to expose their HIPAA violations.

**APRIL 28, 2026 | Gag Order #3 (The Retroactive Freeze & Final Strike)**

- 🔴 **Action:** IHO Mann issues *Order Continuing Status Conference and Continuing Prohibition Against Filing*. (**Retroactive Blockade: April 24 - April 29**)
- 🔴 **Action:** Simultaneously, IHO Mann issues *Order Striking Emails, Motions, and Notices*.

- 🔴 **Effect:** Utilizing the delayed Gag Order #2 and the retroactive Gag Order #3, the IHO officially strikes the Appellant's April 25 Exception, April 26 Privacy Breach Notice, and April 28 Emergency Housing Motion.

**APRIL 29, 2026 | The Exhaustion Ultimatum & Federal Trigger**

- 🟢 **Action (9:49 AM):** Bypassing the ban on motions, Appellant emails an *Urgent Formal Objection and Exception* exactly 11 minutes before the scheduled Status Conference.
- 🔴 **Subsequent Action:** During the 10:00 AM call, the IHO refuses to address the housing emergency, formally declares the docket in "limbo," and forces the Appellant to exhaust to federal court.
- 🔴 **Subsequent Action**: During the 10:00 AM call, IHO claims Appellant hadn't "connected the dots" regarding MSCS, immediately after having struck the Exception (April 25) that did exactly that.

## SUMMARY OF DUE PROCESS FAILURE

The State's administrative tribunal engineered an inescapable procedural Catch-22:

1. If the 🟢 Appellant filed evidence before the hearings began, it was 🔴 stricken for being **"too early"** (March 30).
2. If the 🟢 Appellant filed competent motions demanding discovery and exposing ethical violations, the 🔴 IHO issued **rolling, retroactive blanket bans** on all filings to stop the administrative bleeding. Through back-to-back orders, the IHO maintained a **continuous, uninterrupted 20-day "Gag Order"** blockading the Appellant's rights (April 9 – April 29).
3. If the 🟢 Appellant attempted to merely view the official record index to prepare for a hearing, the 🔴 IHO used the "gag order" to deny the clerical request, operating a **"shadow docket"** (April 15).
4. If the 🟢 Appellant managed to file evidence of retaliation or ADA violations between the bans, it was 🔴 **explicitly stricken from the record** (April 23).
5. When the 🟢 Appellant informed the tribunal he would read his civil rights objections onto the audio record, the 🔴 IHO **proactively silenced him during the status conference** (April 24).
6. When the 🟢 Appellant caught the Agency selectively suppressing a HIPAA breach from the docket and filed an emergency plea regarding an imminent housing loss, the 🔴 IHO used retroactive gag orders to **strike the emergency plea and the breach notice from the record entirely** (April 28).
7. 🟢 Appellant filed an Exception (April 25) explaining precisely that the TXST evidence was required to prove the current IPE was invalid, which necessitates the MSCS transfer. The 🔴 IHO simply struck that Exception (April 28th) via her retroactive gag order, and then went on the record (April 29th) to claim you hadn't made the connection.

The administrative process was not merely delayed; it was actively weaponized to silence the Appellant and sanitize the Agency's liability.