UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
May 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: DM
DEPUTY

| | | |
|---|---|---|
| | § | |
| **MARK L. SHORT,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | Case No: 1:26-cv-01174-ADA-DH |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **TEXAS WORKFORCE COMMISSION;** | § | |
| | § | |
| **MICHAEL MARLER,** in his official capacity | § | |
| as Interim Deputy Regional Director; | § | |
| **TANISHA PICKNEY,** in her official capacity | § | |
| as Vocational Rehabilitation Counselor**,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

# PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

Pursuant to Local Rule CV-1(e), due to the immediate emergency nature of the subject matter, Plaintiff Mark L. Short requests the Court to allow the submission of the following supplemental authority to aid the Court's jurisdictional analysis regarding the imminent May 18, 2026 eviction deadline.

This authority directly supports the Court's jurisdiction over non-parties executing the harm detailed in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, filed May 15, 2026:

1. **Federal Rule of Civil Procedure 65(d)(2)**

   Pursuant to Fed. R. Civ. P. 65(d)(2)(C), an order granting an injunction or a temporary restraining order automatically binds not only the named parties, but also *"other persons who are in active concert or participation"* with the parties or their officers, agents, servants, employees, and attorneys. This rule provides the Court with the express authority to bind state-funded vendors or instrumentalities executing administrative harms precipitated by the actions of the named Defendants.

Plaintiff has affirmatively provided actual, written notice of these emergency pleadings and the pending motion for injunctive relief to the non-party instrumentality—Texas State University Housing and the TSUS General Counsel—via electronic transmission on May 16, 2026.

2. **The All Writs Act, 28 U.S.C. § 1651**

Pursuant to 28 U.S.C. § 1651(a) -

> *"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."*

This statutory authority empowers the Court to issue injunctions against third parties who are in a position to frustrate the implementation of a court order, or whose actions threaten to physically endanger the Plaintiff and destroy the subject matter of the surviving litigation prior to a final adjudication on the merits.

Plaintiff submits these authorities solely to clarify the Court's jurisdictional mechanisms regarding the pending emergency and reserves all substantive arguments for any hearing, if so ordered.

Respectfully submitted,

*/s/ Mark L. Short*

______________________

Mark L. Short
Plaintiff, *Pro Se*
350 North Street
San Marcos, Texas 78666
Telephone: (940) 337-7005
markl_short@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2026, a true and correct copy of the foregoing was served upon the Defendants via Electronic Mail as follows:

Notice to the Court: Strict compliance with the physical mailing requirements of Fed. R. Civ. P. 5(b)(2)(C) is currently a physical impossibility for the Plaintiff due to his Blind-Visually Impaired (BVI) status and the physical burden of weighing and processing the required pages of physical mail. Plaintiff has a pending ADA accommodation request (ECF No. 9) to utilize the CM/ECF system, which would cure this barrier.

Pursuant to Fed. R. Civ. P. 61 (Harmless Error) and the Due Process requirement of "Actual Notice," this electronic transmission ensures the Defendants suffer no prejudice or delay in receiving these emergency pleadings while the Court resolves the Plaintiff's pending ECF access motion.

**Michael Marler**, Interim Deputy Regional Director:

1141 Brazos St.
Austin, Texas 78701
Phone: (512) 460-9286
Email: michael.marler@twc.texas.gov

**Tanisha Pickney**, Vocational Rehabilitation Counselor:
4021 East 29th St, Suite 1114
Bryan, Texas 77802
Phone: (979) 595-2880
Email: tanisha.pickney@twc.texas.gov

Texas Workforce Commission
101 E. 15th Street

Austin, Texas 78778
Phone: (800) 628-5115
Email: melissa.collins@twc.texas.gov (VR Hearings Coordinator)

Additionally, to satisfy the "actual notice" requirements of Fed. R. Civ. P. 65(d)(2), a copy of this filing has been electronically transmitted to Texas State University (Department of Housing and Residential Life) and TSUS General Counsel.

Respectfully Submitted,

*/s/ Mark L. Short*

Mark L. Short
Plaintiff, *Pro Se*
350 North Street
San Marcos, Texas 78666
(940) 337-7005
markl_short@yahoo.com

ERRATA / CORRECTION to Previous Notice (WDTX Case No. 1:26-cv-01174-ADA-DH)

From: Mark L. Short (markl_short@yahoo.com)

To: michael.marler@twc.texas.gov; melissa.collins@twc.texas.gov; selah.mendoza@twc.texas.gov; tanisha.pickney@twc.texas.gov

Cc: beverly.durst@twc.texas.gov; tony.lawrence@twc.texas.gov

Date: Sunday, May 17, 2026 at 09:34 AM CDT

**Defendants and Counsel,**

Please note a factual correction (Errata) to the urgent updates sent earlier this morning regarding the facility failures at my campus residence.

My previous email inadvertently stated that the attached photographs showed the 4th-floor elevator buttons were physically "taped over" with signage. That specific description was an error in drafting. The contemporaneous photographic evidence actually documents the locked/closed trash chute.

However, the core material fact remains unchanged: **The elevator infrastructure serving my 4th-floor residence remains completely out of service, and the accessible sanitation chute remains locked.** The physical impossibility of navigating four flights of concrete stairs with an Achilles injury, the resulting ADA violation, and the active endangerment posed by tomorrow's 11:00 AM eviction deadline remain fully active and are currently pending before the federal court.

Respectfully submitted,

Mark L. Short
(940) 337-7005

> On Sunday, May 17, 2026 at 08:35:44 AM CDT, Mark L. Short <markl_short@yahoo.com> wrote:
>
> **Defendants and Counsel,**
>
> This email serves to formally update the administrative and federal record regarding the severe, active physical accessibility failures at Texas State University—the environment TWC-VR has designated as my educational training program.
>
> As demonstrated by the attached contemporaneous photographic evidence taken this morning (Sunday, May 17, 2026), the university has physically taped over my dorm building's 4th-floor elevator buttons with explicit instructions for residents to "USE THE STAIRWELL." Furthermore, the university has actively shut off the only accessible waste disposal chute on my floor, creating an active sanitation hazard and degrading the basic habitability of the residence.
>
> This confirms, with irrefutable visual evidence, that this has been and remains a hostile, structurally, and functionally inaccessible training environment. Demanding that a Blind/Visually Impaired client with a documented Achilles injury execute a rapid housing discharge by navigating four flights of concrete stairwells is a physical impossibility.
>
> The impending May 18th eviction—precipitated by TWC-VR's retaliatory withholding of federal maintenance funds and ledger manipulation—has now escalated into an active state-created physical danger and a constructive eviction attempt.
>
> TWC-VR is hereby placed on actual notice of the severe physical hazards actively compounding the irreparable harm outlined in the pending federal Temporary Restraining Order. This documentation is being preserved for the federal docket.

**Mark L. Short**
*Plaintiff, Pro Se*
(940) 337-7005

**Short, Mark**

**From:** Short, Mark
**Sent:** Sunday, May 17, 2026 9:26 AM
**To:** DHRL Director; TSUS General Counsel; Housing and Residential Life
**Cc:** Dean of Students Office
**Subject:** ERRATA / CORRECTION to Previous Notice (WDTX Case No. 1:26-cv-01174-ADA-DH)

**Importance:** High

ERRATA / CORRECTION to Previous Notice (WDTX Case No. 1:26-cv-01174-ADA-DH)

**Defendants and Counsel,**

Please note a factual correction (Errata) to the urgent updates sent earlier this morning regarding the facility failures at my campus residence.

My previous email inadvertently stated that the attached photographs showed the 4th-floor elevator buttons were physically "taped over" with signage. That specific description was an error in drafting. The contemporaneous photographic evidence actually documents the locked/closed trash chute.

However, the core material fact remains unchanged: **The elevator infrastructure serving my 4th-floor residence remains completely out of service, and the accessible sanitation chute remains locked.** The physical impossibility of navigating four flights of concrete stairs with an Achilles injury, the resulting ADA violation, and the active endangerment posed by tomorrow's 11:00 AM eviction deadline remain fully active and are currently pending before the federal court.

**Mark L. Short**

---

**From:** Short, Mark
**Sent:** Sunday, May 17, 2026 8:28 AM
**To:** DHRL Director <DHRLDirector@txstate.edu>; TSUS General Counsel <TSUSGenCoun@txstate.edu>; Housing and Residential Life <reslife@txstate.edu>
**Cc:** Dean of Students Office <dosoffice@txstate.edu>
**Subject:** URGENT DOCUMENTATION: Severe ADA Facilities Failure & Physical Endangerment (Pending WDTX Case No. 1:26-cv-01174-ADA-DH)
**Importance:** High

**Dear General Counsel and Housing Administration,**

This email serves as contemporaneous, written documentation of the severe physical accessibility failures currently active at my campus residence, and the resulting physical endangerment caused by the university's impending May 18th administrative discharge mandate.

As demonstrated by the attached photographic evidence taken this morning (Sunday, May 17, 2026), the university has physically taped over the building's 4th-floor elevator buttons with explicit instructions for residents to "USE THE STAIRWELL." Additionally, the university has actively shut off the only accessible waste disposal chute on my floor.

Demanding that a Blind/Visually Impaired student with a documented Achilles injury execute a rapid housing discharge by navigating four flights of concrete stairwells is a physical impossibility and a direct threat to my bodily safety. Furthermore, locking the only accessible sanitation infrastructure actively degrades the basic habitability of the residence, constituting a "constructive eviction" attempt prior to the 11:00 AM Monday deadline. This environment is the very definition of a <u>structurally and functionally inaccessible educational program and an active sanitation hazard</u>. It constitutes an ongoing violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

The university is already on "actual notice" of the pending federal Temporary Restraining Order seeking to halt tomorrow morning's 11:00 AM eviction deadline. Attempting to force a disabled student out of a 4th-floor dorm residence while the critical accessibility infrastructure is actively broken constitutes a state-created danger.

This documentation is being preserved for the federal docket.

**Mark L. Short**
A05450785


Be the change
that you wish to
see in the world.
This elevator is
OUT OF ORDER.
We apologize for the inconvenience.
4


TRASH CHUTE
CLOSED

**Short, Mark**

**From:** Housing and Residential Life <noreply@housing.txstate.edu>
**Sent:** Monday, May 18, 2026 1:18 PM
**To:** Short, Mark
**Subject:** Notice to Vacate

Mark Short
dvy27
Balcones-3414-A

Dear Mark,

This letter serves to inform you that you must vacate the university housing previously assigned to you for the Spring 2026 semester. As you have been previously informed, your 2025/2026 housing contract ended on Thursday, May 14, 2026. You were provided an additional four (4) days to remain in housing and were directed to move out today, Monday, May 18th at 11:00AM. When DHRL personnel arrived to provide assistance, you were not prepared to vacate the housing.

As a result of the expiration of your housing contract and the additional time that you have received, you are no longer eligible to live in on campus housing. **Therefore, you have 48 hours to vacate the space.** You will need to make arrangements with your residence hall director to remove all of your belongings, complete the official checkout process, and return your keys by no later than **Wednesday, May 20, 2026, at 12:00PM**.

Please be advised that should you choose not to vacate your space, the locks to the room/apartment will be changed and your personal belongings will be bagged-and-tagged as abandoned property, at the conclusion of this 48-hour window. DHRL continues to stand ready to provide move-out assistance upon request. Should you need assistance, please contact your residence director.

**CHECKOUT:** Any property of the student left on University property after the termination of this contract may be handled, removed, or disposed of at the risk and expense of the Student and the University shall in no event be responsible for any such property. The Student shall be liable for reasonable storage fees and administrative fees incurred and charged by the University

in storage of such property, but the University is under no obligation to provide storage. The University is not responsible for loss of property. Items placed in storage will only be stored for 5 days and then discarded.

Sincerely,

**Kate Gannon-Cullinan, Ph.D.**
Executive Director
Housing & Residential Life
Texas State University

**CAUTION:**. This email originated from outside the TXST network. Do not click links or download files unless you know the sender and content are safe.