**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FILED**
May 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: DM
DEPUTY

**MARK L. SHORT,**

Plaintiff,

v.

**TEXAS WORKFORCE COMMISSION,**

**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,

**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor**,**

Defendants.

Civil Action No: 1:26-cv-01174-ADA-DH

# PLAINTIFF'S NOTICE TO THE COURT OF REALIZED IRREPARABLE HARM AND RETALIATORY ESCALATION BY DEFENDANT TEXAS STATE UNIVERSITY

Plaintiff Mark L. Short, proceeding pro se, files this Notice to officially update the Court and the docket regarding severe, realized harm and active retaliatory escalation executed by Defendant Texas State University.

1. **Realization of Harm Due to Judicial Inaction**

Plaintiff previously warned this Court in his Renewed Motion for a Temporary Restraining Order (ECF No. 11) of the imminent threat of physical eviction and irreparable harm caused by the illegal withholding of Vocational Rehabilitation funds under 29 U.S.C. § 722(c)(6). Because this Court did not rule on the pending request for emergency injunctive relief, the irreparable harm was realized.

2. **The Retaliatory Escalation (May 20, 2026)**

At approximately 1:00 PM on May 20, 2026, Defendant Texas State University executed a retaliatory, armed police lockout. Defendant dispatched 5-6 armed campus police officers to Plaintiff's campus residence. Plaintiff was physically searched without probable cause, forced to evacuate while suffering from a ruptured Achilles, and formally issued a Criminal Trespass warning under threat of immediate arrest.

3. **Deprivation of Property and Physical Displacement**

Because of the Criminal Trespass warning, Plaintiff is completely banned from the campus and has been effectively deprived of all personal and academic property that he could not physically carry out during the forced evacuation. Plaintiff was rendered immediately unhoused and was

forced to expend his limited remaining personal funds to secure an off-campus emergency hotel room to survive the night of May 20, 2026.

4. **Notice of Intent to Supplement Pleading (FRCP 15(d))**

Plaintiff provides notice that he will be filing a Supplemental Pleading pursuant to Federal Rule of Civil Procedure 15(d) to formally add these new post-complaint events to the record, including but not limited to adding the individual campus police officers in their individual capacities for Fourth Amendment violations, and officially entering the retaliatory Title II and 42 U.S.C. § 1983 claims resulting from this escalation.

5. **Emergency Reliance on Electronic Communication**

Because Defendant's retaliatory lockout has rendered Plaintiff entirely unhoused and without a physical mailing address, Plaintiff is physically incapable of receiving standard USPS mail from the Court or defense counsel. Plaintiff respectfully notifies the Court that he must rely entirely on email and telephone communication, and urges the immediate granting of his pending Motion for CM/ECF Electronic Filing Access (ECF No. 9) to ensure he is not cut off from the docket.

**Exhibits Attached in Support:**

- **Exhibit A**: Copy of the Criminal Trespass Warning issued May 20, 2026.

- **Exhibit B**: Receipt for emergency hotel accommodation proving financial damages and physical displacement.

Respectfully submitted,

*/s/ Mark L. Short*

____________________

Mark L. Short
Plaintiff, *Pro Se*
**[Currently Displaced / Unhoused due to Defendant's Actions]**
Telephone: (940) 337-7005
markl_short@yahoo.com

Dated: May 21, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, a true and correct copy of the foregoing was served upon the Defendants via Electronic Mail as follows:

Notice to the Court: Strict compliance with the physical mailing requirements of Fed. R. Civ. P. 5(b)(2)(C) is currently a physical impossibility for the Plaintiff due to his Blind-Visually Impaired (BVI) status and the physical burden of weighing and processing the required pages of physical mail. Plaintiff has a pending ADA accommodation request (ECF No. 9) to utilize the CM/ECF system, which would cure this barrier.

Pursuant to Fed. R. Civ. P. 61 (Harmless Error) and the Due Process requirement of "actual notice," this electronic transmission ensures the Defendants suffer no prejudice or delay in receiving these emergency pleadings while the Court resolves the Plaintiff's pending ECF access motion.

**Counsel for Defendants (TWC, Marler, Pickney):**
Corra Dunigan Assistant General Counsel
Litigation Texas Workforce Commission
Email: corra.dunigan@twc.texas.gov

Additionally, to satisfy the "actual notice" requirements of Fed. R. Civ. P. 65(d)(2)(C) and legally bind non-parties acting in active concert and participation with the Defendants, a true and correct copy of this filing has been served via direct electronic mail transmission to the following university administrators and legal officers:

1. **Office of the General Counsel**, Texas State University System (TSUS)
   Email: tsusgencoun@txstate.edu

2. **Kate Gannon-Cullinan, Ph.D.,** Executive Director of Housing and Residential Life (DHRL), Texas State University
   Email: dhrldirector@txstate.edu

3. **Alex Matiash,** Director of Residential Experience, Department of Housing and Residential Life
   Email: amatiash@txstate.edu

4. **Office of the Dean of Students**, Texas State University,
   Email: dosoffice@txstate.edu

Respectfully Submitted,

*/s/ Mark L. Short*

______________________

Mark L. Short
Plaintiff, *Pro Se*
[Currently Displaced / Unhoused due to Defendant's Actions]
(940) 337-7005
markl_short@yahoo.com

Dated: May 21, 2026

# Exhibit A

TEXAS STATE UNIVERSITY POLICE DEPARTMENT (UPD)

NOTICE OF CRIMINAL TRESPASS WARNING

A copy of this document constitutes official notice to you that your presence on property owned or controlled by Texas State University is prohibited. If you are found on university property after the date of this warning, you will be subject to arrest.

A person commits an offense if they enter or remain on property owned or controlled by the university without UPD approval and they:

1. Had notice from UPD that entry or occupying was prohibited; or
2. Received notice to depart but failed to do so (Texas Penal Code, Sec. 30.05)

Date and time warning was issued 5/20/26 1257 hrs

**Person Receiving This Warning**

Name: Mark Short Race: W Sex: M

DOB: 2/12/66 DL#

TXST Student ID#

(Permanent or Current?)

Street Address 3

City State ZIP

Signature: X Date: 5/20/26

Location warning was issued 251 North

Officer issuing warning Sgt. Enriquez

Individual receiving notice is (circle one) Faculty **Student** (circled) Staff Non-affiliate

UPD Case # 26-15547

Narrative/Comments From All Texas State Property indefinite

Revised December 2023

Member of the Texas State University System

# Exhibit B


LTE 77% 11:54
M:1436MB CPU:52% 1613MHz
1
Inbox
Produc...
Log Out
Hi, I'm Erica. May I help?
2
For service items, claims and requests for this account
RECENT TRANSACTIONS
Processing
PURCHASE 05/21 UBR* PENDING.UBER.COM SAN FRANCISCO CA
- $6.32
[redacted]
Processing
CHECKCARD Motel 6 9119 San Marcos TX ON 05/20 Amount may change - waiting for final amount from merchant
- $50.71
[redacted]
Processing
PURCHASE UBER SAN FRANCISCO CA ON 05/20
- $5.55
[redacted]
Processing
- $8.05
Accounts
Pay & Transfer
Deposit Checks
Invest