# FORMAL NOTICE: Demand for Immediate Transit of Vocational Assets – Cause No. 1:26-cv-01174-ADA-DH

From: Mark L. Short (markl_short@yahoo.com)

To: elizabeth.bryan@oag.texas.gov; daisy.jackson@oag.texas.gov

Cc: dhrldirector@txstate.edu; tsusgencoun@txstate.edu; reslife@txstate.edu

Date: Friday, July 17, 2026 at 08:18 PM CDT

**To the Office of the Attorney General / Counsel for the State:**

This communication serves as formal notice regarding the vocational assets currently situated at Balcones 3414. The State's failure to facilitate the transit of these items is a material breach of the Individualized Plan for Employment (IPE) and a direct failure to provide the mandatory transition/support services required under the Rehabilitation Act.

The Agency is reminded of its affirmative, ongoing duty to maintain the viability of the IPE. The assets at Balcones 3414 are documented vocational tools essential to the implementation of the IPE, the support of which the Agency is statutorily obligated to provide. The Agency's refusal to coordinate the transit of these tools effectively constitutes a constructive continued denial of vocational rehabilitation services and an ongoing sabotage of the IPE.

The State is hereby directed to immediately facilitate the secure transit of these vocational assets. This is not a request for discretionary assistance; it is a demand for the performance of mandatory support services necessary to maintain the IPE.

Failure to facilitate this transit by **12:00 PM CDT on Monday, July 20, 2026**, will be documented as follows:

1. **Material Breach of IPE:** The Agency's obstruction will be filed with the Court as definitive evidence that the TWC-VR is willfully failing to execute its obligations under the Rehabilitation Act.
2. **Evidence of Spoliation:** The State's inaction, in the face of this formal demand, will be treated as evidence of intent to spoliate vocational evidence relevant to the ongoing litigation in Cause No. 1:26-cv-01174-ADA-DH.
3. **Actionable Liability:** This document will be filed as part of the public record to establish the State's bad-faith interference, which will be incorporated into the upcoming Amended/Supplemental Pleading and used to support claims of individual-capacity liability, **and will trigger another set of emergency pleadings before the court.**

The Agency is required to provide a concrete, verified plan for the transit of these assets by the aforementioned deadline.

Regards,

Mark L. Short
Plaintiff, *Pro Se*
940-337-7005

**Cc:**
Texas State University System General Counsel (TSUSGenCounsel)
Dir Department of Housing and Residential Life (DHRL)
TXST Housing and Residential Life