**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARK L. SHORT,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:26-CV-01174-ADA** |
| **TEXAS WORKFORCE COMMISSION, MICHAEL MARLER, TANISHA PICKNEY,** *Defendants* | § § § § § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Mark L. Short's complaint and applications to proceed *in forma pauperis*, Dkts. 1; 3; 18. Also before the Court are Short's motions for temporary restraining order, Dkts. 22; 27, and Short's motion for ruling on pending application to proceed *in forma pauperis*, Dkt. 29. After reviewing the filings and the relevant law, the undersigned will grant Short's application to proceed *in forma pauperis* and recommend that the District Judge deny his motions for temporary restraining order.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

The undersigned has reviewed Short's financial affidavit and determined that he is indigent and should be granted leave to proceed *in forma pauperis*, without prepayment of fees.

Accordingly, the Court hereby **ORDERS** Short's request to proceed *in forma pauperis*, Dkts. 3; 18, is **GRANTED**. The Clerk of the Court shall file Short's complaint without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Short is further advised, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Short has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under §1915(e)(2). After reviewing Short's complaint, the Court has determined that this case should not be dismissed as frivolous at this time. However, the Court cautions Short that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).

The Court **FURTHER ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Short's complaint upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Court **FINALLY ORDERS** that Short's motion for ruling on pending application to proceed *in forma pauperis*, Dkt. 29, is **DISMISSED** as **MOOT**.

## II. MOTIONS FOR TEMPORARY RESTRAINING ORDER

Short, a blind/visually impaired student, alleges in his complaint that Defendants Texas Workforce Commission ("TWC"), Michael Marler, Interim Deputy Regional Director of TWC's Vocational Rehabilitation Services program ("TWC-VR"), and Tanisha Pickney, Short's Vocational Rehabilitation Counselor, (together, "Defendants") failed to provide accessible technology during Short's participation in TWC-VR at Texas State University (the "University") and refused to allow Short to transfer to a different TWC-VR program with fewer accessibility barriers. *See* Dkt. 1, at 7-8. Short further alleges that when he sought review of Defendants' actions through the TWC-VR hearing process, Defendants downgraded Short's eligibility status. *Id.* at 10-11. Liberally construed, Short's complaint alleges that Defendants' actions have caused him to forfeit his enrollment at the University and lose access to university housing. *See, e.g.*, Dkt. 1-6, at 1.

Based on these facts, Short sues Defendants for violations of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. *See* Dkt. 1. Short now moves for a temporary restraining order ("TRO") on the basis that Defendants have spoliated evidence related to his case by removing his property from a university apartment he was forced to vacate. Dkts. 22; 27.

The party moving for a temporary restraining order must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary

restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (setting out the standard for a preliminary injunction); *Southwest Airlines Co. v. City of San Antonio*, 752 F. Supp. 3d 635, 643 (W.D. Tex. 2024) (applying the standard to a motion for temporary restraining order). "A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017).

Short filed two earlier motions for TROs, which the District Judge denied on the basis that Short failed to establish a likelihood of success on the merits. Dkts. 7; 17. Now, Short asserts that he is likely to succeed on the merits based on "already submitted documented, court-ready evidence." Dkt. 22, at 4.[1] In addition to the evidence already considered by the District Judge, Short has since submitted a letter regarding the status of his vocational services, Dkt. 23-1, an email Short sent to the Texas Office of the Attorney General, Dkt. 24-1, an email from University staff giving Short notice that any unretrieved items in storage would be disposed of as abandoned property, Dkt. 25-1, at 2, and an email from University staff stating that Short could collect high-value items from the university's police department but that other items had been discarded, Dkt. 26-1. Short's evidence does not support a finding that he is

[1] Short does not address his likelihood of success on the merits in his fourth motion for TRO, Dkt. 27.

likely to succeed on the merits of his claims, which are leveled against TWC-VR and its staff, not against the University.

Accordingly, because Short fails to carry his burden of persuasion as to whether he is likely to succeed on the merits of his claims, the undersigned **RECOMMENDS** that the District Judge **DENY** Short's motions for TRO, Dkts. 22; 27.

## III. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 11, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE