**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor**,**<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR SANCTIONS

**TO THE HONORABLE ALAN D. ALBRIGHT, UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiff, Mark L. Short, proceeding *pro se*, pursuant to Fed. R. Civ. P. 7(b)(1), Fed. R. Civ. P. 72(b)(3), and the Court's inherent authority to manage its docket, affording the Court broad discretion to grant leave to supplement the record upon a showing of good cause.

Plaintiff respectfully moves this Court for leave to file supplemental exhibits (Exhibits L through T) in support of his pending Motion for Sanctions and Return of Seized Property [ECF Doc. 34]. In support thereof, Plaintiff shows as follows:

## I. GROUNDS FOR LEAVE AND GOOD CAUSE

1. On August 17, 2026, Plaintiff filed his Motion for Sanctions and Return of Seized Property [ECF Doc. 34] addressing Defendants' intentional spoliation of evidence, bad-faith obstruction, and deliberate breach of administrative conduit obligations.
2. Good cause exists to grant leave to supplement the Motion for Sanctions with Exhibits L through T:
   - **Proof of Willful Spoliation:**

     These records provide the direct, chronological evidentiary trail proving Defendants received repeated formal warnings regarding imminent property destruction and intentionally refused to intervene or facilitate asset transit.

   - **Proof of Covert Inter-Agency Coordination:**

     Exhibit T exposes undisclosed back-channel communications between TWC-VR staff and TXST's Office of Disability Services (ODS) Director. These internal case notes document TWC-VR affirmatively abdicating its statutory duty by deciding to *"let the school deal with it,"* while simultaneously coordinating with the University vendor to anticipate Plaintiff's reaction to denied accommodations. This invalidates Defendants' ongoing legal posture that TWC-VR lacks an operational nexus or

jurisdictional control over the University's execution of the IPE.

- **Proof of Institutional Hostility and Bad-Faith IPE Obstruction:**

  - Exhibit T further captures ongoing, documented hostility and animus toward Plaintiff's IPE implementation. Agency personnel explicitly dismiss mandatory assistive technology requests using subjective, non-clinical justifications (e.g., asserting Plaintiff requested the software *"just because honestly"* and preemptively characterizing him as coming *"back mad because he didn't get what he wanted"*).

  - Additionally, the record documents the TXST ODS Director making disparaging, slanderous remarks regarding Plaintiff. Rather than objectively assessing Plaintiff's vocational needs, TWC staff member Ms. Chris Fink actively repeated and memorialized these disparaging comments within official inter-agency communications, establishing a shared, coordinated adversarial environment intended to obstruct disability services rather than facilitate them.

- **Proof of Bad-Faith Blackout and Constructive Termination:**

  These documents establish that TWC legal counsel and the Office of the Attorney General (OAG) weaponized a "Do Not Contact" directive to cut off direct agency communications while simultaneously disclaiming any duty to act as a legal conduit.

Furthermore, the correspondence demonstrates that Defendants utilized the pending Due Process and federal litigation as a pretext to effectively suspend and constructively terminate Plaintiff's mandatory IPE services. By refusing to appoint a neutral case manager and insisting on routing all vocational services exclusively through the conflicted staff named in the ongoing proceedings, Defendants intentionally manufactured an unresolvable administrative deadlock.

- **Substantiation of Sanctionable Conduct:**

  Placing these core communications onto the official record is necessary for the Court to evaluate the full scope of Defendants' bad-faith pattern of conduct under its inherent powers and applicable legal standards.

## II. INDEX OF SUPPLEMENTAL EXHIBITS

Plaintiff seeks leave to submit the following records as official supporting evidence:

- **Exhibit L:** June 15, 2026, Emergency Administrative Request to AAG for Transit of Assets & Notice of Fiduciary Conduit Obligation
- **Exhibit M:** June 17, 2026, TXST Executives & Federal Oversight Notice of Imminent Spoliation
- **Exhibit N:** July 17, 2026, Demand to AAG for Transit of Vocational Assets
- **Exhibit O:** May 19, 2026**,** TWC "Do Not Contact" Directive (weaponizing administrative stay of Due Process proceedings)
- **Exhibit P:** May 22, 2026, TWC Reiteration of DNC Directive
- **Exhibit Q:** July 22, 2026, AAG Correspondence Disavowing Inter-Agency Liability
- **Exhibit R:** August 10, 2026, AAG Correspondence(s) Insisting on Routing Case Management to Conflicted Staff (subject of Due Process proceedings)
- **Exhibit S:** May 18, 2026, TXST Notice to Vacate Dorm
- **Exhibit T:** March 6, 2026, TWC (Chris Fink) using TXST back-channels to disparage Plaintiff and undermine Plaintiff's IPE.

## III. PLAINTIFF'S DECLARATION OF AUTHENTICITY (28 U.S.C. § 1746)

I, Mark L. Short, declare under penalty of perjury under the laws of the United States of America as follows:

- I am the Plaintiff in the above-captioned matter, proceeding pro se, and I have personal knowledge of the facts stated herein.
- Exhibits L through T attached hereto are true, correct, and authentic copies of genuine records, notices, and email correspondence sent or received by me on the dates indicated therein.
- **Regarding Administrative Watermarks:** The text watermarks appearing on these records (reading "Exhibit L", "Exhibit M", ..., "Exhibit R", etc.) were added by Plaintiff solely for the administrative purpose of exhibit identification, docket organization, and federal filing compliance. These markings do not alter, modify, or obscure any portion of the original underlying text, headers, or timestamps of the original records.

Executed on August 17, 2026, at Texas City, Texas.

*/s/ Mark L. Short*

________________________

Mark L. Short, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 17, 2026

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court **GRANT** this Motion, permit the filing of Supplemental Exhibits L through T, and consider these records in support of Plaintiff's Motion for Sanctions [ECF Doc. 34].

Respectfully submitted,

*/s/ Mark L. Short*

Mark L. Short, BSCS
Plaintiff, Pro Se
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 17, 2026

# CERTIFICATE OF CONFERENCE

Pursuant to Western District of Texas Local Rule CV-7(G), Plaintiff certifies a good-faith effort was made to confer with opposing counsel as follows:

- On August 16, 2026, at 10:26am CST, Plaintiff provided electronic notice of this administrative request to Assistant Attorney General Elizabeth Bryan, requesting a response by August 17, 2026, 5pm CST.
- As of the date of filing, opposing counsel has been non-responsive.

Respectfully Submitted,

*/s/ Mark L. Short*

______________________

Mark L. Short, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 17, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, a true and correct copy of the foregoing was served upon the Respondents via Electronic Mail as follows:

**Counsel for Defendants (TWC, Marler, Pickney):**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: 737-230-4700
Email: elizabeth.bryan@oag.texas.gov

Additionally, to satisfy the "actual notice" requirements of Fed. R. Civ. P. 65(d)(2)(C) and legally bind non-parties acting in active concert and participation with the Defendants, a true and correct copy of this filing has been served via direct electronic mail transmission to the following university administrators and legal officers:

**Office of the General Counsel**
Texas State University System (TSUS)
O. Henry Hall
601 Colorado Street
Austin, TX 78701-2904
Phone: (512) 463-1808
Email: tsusgencoun@txstate.edu

**Kate Gannon-Cullinan, Ph.D.,**
Executive Director of Housing and Residential Life (DHRL)
Texas State University
Housing & Residential Life
515 N. Comanche
San Marcos, Texas 78666
Phone: 512.245.4663
Email: dhrldirector@txstate.edu

Respectfully Submitted,

*/s/ Mark L. Short*

______________________

Mark L. Short, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 17, 2026