TEXAS WORKFORCE SOLUTIONS

Texas Workforce Commission
Vocational Rehabilitation Services

# Request for Due Process Hearing and/or Mediation

## Customer Information

Applicant or Customer Name: Mark Short

Case ID Number: 2029765

Address: 350 North Street

Telephone Number: 9403377005

Email Address: markl_short@yahoo.com

What is your disability?

☑ Blind or visually impaired

☑ Other: If other disability, please specify: dysgraphia, diabetes, mobility

Date of this Petition: March 16, 2026

## Hearing Request Information

Concerning the determination or decision by TWC-VR staff that you are contesting, what does the determination or decision concern?

☐ My eligibility for vocational rehabilitation services

☐ My eligibility for services under the Independent Living Services for Older Individuals who are Blind

☐ My ineligibility for further services

☑ Denial of services

☑ My Individual Plan for Employment (IPE), Individual Written Rehabilitation Plan (IWRP) or Independent Living Plan (ILP) for older individuals who are blind program

☑ Delivery or quality of counseling or other services

☐ The cost of services allowed by TWC-VR

☐ Closure of your case or termination of services

☑ Other. If other concern, please describe:

see attach detailed mls_RequestForDueProcessHearing_16Mar2026.pdf.

Who made the determination? Tanisha Pickney (VRC) and Teshawn Ferguson (VR Supervisor)

On what date did the person or persons make the determination or decision? March 4, 2026



Exhibit B

Briefly describe why you are contesting this determination:

I am contesting the constructive denial of appellate rights, the 17-month failure to provide authorized Assistive Technology (tablet and Adobe Acrobat Pro), and the falsification of case ledgers. The agency has mislabeled $1,776.52 in academic reimbursements as "Supportive Maintenance" to conceal that $0.00 has been paid toward authorized living stipends since January 2025. This neglect has directly caused a metabolic crisis (A1C increase from 7.6% to 8.5%) and permanent physical atrophy (3.5 cm calf differential).

Describe the remedy you are seeking, or how you want this matter to be resolved:

see attach detailed mls_RequestForDueProcessHearing_16Mar2026.pdf.

You have the right to pursue mediation in an effort to resolve this matter.

Do you agree to mediation? ☐ Yes ☑ No

## Accommodations Requested

**Complete the following only if applicable.**

I am requesting the following accommodations during any hearing in this proceeding (select all that apply)

☐ Reader

☐ Sign language interpreter

☐ Language interpreter - specify language:

☑ Other. If other accommodation needed, please describe:

Digital accessibility support. Due to ongoing failure to provide authorized Adobe software, I require all hearing documents to be provided in an accessible format compatible with screen readers.

## Notice

**By signing this Request for Due Process Hearing and/or Mediation, you give consent and authorization to TWC-VR to release information about you that TWC-VR has in its possession as is necessary to conduct a formal hearing or mediation.**

## Authorization

Applicant or Customer Signature: Mark L Short

**Please mail, deliver, or email this form when completed to:**
**TWC VR Hearings Coordinator**
**101 East 15th Street, Rm. 608**
**Austin, Texas 78778-0001**
**or**
**melissa.collins@twc.texas.gov**

**TWC Use Only.** Date Received:



Exhibit B

To: TWC Vocational Rehabilitation Services – Appeals/Hearings Coordinator
Cc: VR Ombudsman Office (vrombudsman@twc.texas.gov)

From: Mark L. Short (Case ID: 2029765)
Date: March 16, 2026

FORMAL PETITION FOR IMPARTIAL DUE PROCESS HEARING

## EXECUTIVE SUMMARY

- **Material Breach of Contract:** TWC Vocational Rehabilitation Services is in direct violation of multiple signed Individualized Plans for Employment (IPEs) dating back to October 2024, having systematically withheld authorized living stipends, assistive technology, and critical orthopedic support.

- **Documented Medical Regression:** Administrative neglect and the withholding of maintenance funds have directly caused severe medical harm, including permanent physical atrophy (3.5 cm calf circumference differential), a metabolic crisis resulting in a hemoglobin A1C spike to 8.5%, and active ocular distress.

- **Financial Misrepresentation:** The agency has actively falsified ledger records by mislabeling at least $1,776.52 in retroactive academic out-of-pocket reimbursements and university debts as "Supportive Maintenance" to conceal the zero-dollar disbursement of actual authorized living stipends.

- **Due Process Obstruction:** TWC-VR management is actively obstructing appellate rights by refusing to issue a formal, written Notice of Decision (NOD) regarding the denial of educational transition support, trapping the client in a hostile, non-compliant academic environment.

## I. IDENTIFICATION OF CONTESTED DETERMINATIONS

I am formally contesting the delivery and quality of services, the denial of authorized assistive technology, the miscalculation and misrepresentation of supportive maintenance funds, and the constructive denial of appellate rights via the withholding of formal Notices of Decision.

Exhibit B

## II. PROCEDURAL VIOLATIONS AND DUE PROCESS OBSTRUCTION

- **Constructive Denial of Appellate Rights:** On March 4, 2026, a formal request was submitted to the Vocational Rehabilitation Counselor (VRC) demanding a written Notice of Decision (NOD) detailing the specific agency policy used to deny an IPE amendment for Master of Science in Computer Science (MSCS) application fees. The agency has refused to provide this mandated documentation, deliberately blocking the administrative mechanism necessary to initiate a formal appeal with the Client Assistance Program (CAP).

- **Deliberate Indifference to IPE Mandates:** March 4, 2026, correspondence also demanded a definitive timeline for the delivery of Assistive Technology formally authorized in October 2024. The agency has maintained complete administrative silence, demonstrating a continuous, 17-month pattern of nonfeasance.

## III. BREACH OF SIGNED INDIVIDUALIZED PLANS FOR EMPLOYMENT (IPE)

The agency is in direct violation of multiple signed agreements:

- **Assistive Technology (AT) Breach**: The IPE amendment dated November 4, 2025, explicitly authorized "Assistive Technology Unit (ATU) assistive technology, as recommended". Despite a completed assessment in December 2025 and repeated notifications that I cannot access my curriculum without it, the agency has failed to provide the note-taking tablet and Adobe Acrobat Pro license. The agency’s failure to provide the note-taking tablet and Adobe Acrobat Pro is not an isolated incident but a continuation of a breach first established in the IPE dated October 11, 2024. For 17 months, the agency has signed contracts promising accessibility support while delivering $0.00 in actual AT hardware or software.

- **Maintenance Service Breach**: January 24, 2025, IPE authorized maintenance stipends to allow for participation in the VR program. To date, I have received $0.00 in living stipends.

- **Orthopedic Support Breach**: November 4, 2025, IPE authorized an orthopedic evaluation and treatment assessment. The agency has failed to provide any permanent orthotic solution or replacement equipment, forcing a 14-month reliance on a temporary medical boot issued in January 2025.

## IV. DOCUMENTED MEDICAL ENDANGERMENT AND REGRESSION

The agency's failure to disburse authorized funds and provide medical goods has had a direct, clinically documented impact on my health:

- **Permanent Physical Atrophy**: A physical exam on March 6, 2026, documented a 3.5 cm difference in calf circumference (40.5 cm vs. 44 cm) due to the lack of proper orthopedic support for my ruptured Achilles tendon.

- **Metabolic Crisis:** Hemoglobin A1C has escalated from **7.6% (Aug 2025)** to **8.5% (Current)**, a 12% increase in average blood glucose. This regression is a direct result of the agency withholding maintenance funds required for Metformin prescriptions and medical supplies, moving the client from 'moderate' to 'poor' clinical control and increasing the risk of permanent vision loss.

- **Active Ocular Distress**: I have an unfilled $78.84 prescription for eye inflammation. I am unable to fill this because the agency continues to withhold the maintenance stipends authorized in my IPE.

- **Constructive Denial of Vision**: In August 2025, I was forced to return vision-restoring scleral lenses (capable of restoring 20/20- vision) because the agency refused to provide basic monthly sterile supplies and solutions.

## V. EVIDENCE OF FINANCIAL MISREPRESENTATION (LEDGER FRAUD)

The agency has engaged in systematic financial misrepresentation by mislabeling at least $1,776.52 in the case ledger to create a false administrative record of living support. These entries represent retroactive repayments for costs forced upon the client, not the recurring living stipends authorized in January 24, 2025, IPE.

- **TXST Academic Debt:** $800.00 (Mislabeled retroactive coverage of university arrears).

- **Academic Textbooks and Supplies:** $360.67 (Mislabeled out-of-pocket textbook/lab kit costs).

- **Required Engineering Equipment:** $170.85 (Mislabeled invoice for TI-Nspire calculator).

Exhibit B

- **Housing Security Deposit:** $300.00 (Mislabeled one-time enrollment requirement).
- **New Student Orientation (NSO) Fee:** $70.00 (Mislabeled academic entry fee).
- **University Application Fee:** $75.00 (Mislabeled admissions cost).

## VI. STATEMENT OF DISAGREEMENT & HISTORY OF RECIDIVISM

- **17-Month Failure of Assistive Technology (AT) Delivery:** The agency's failure to provide the note-taking tablet and Adobe Acrobat Pro is not an isolated incident but a continuous breach of contract. A review of my IPE history demonstrates that "Low Vision services" and "VR Teacher assessment/training" were authorized as early as **October 11, 2024**, and reaffirmed on **December 3, 2024**, and **November 4, 2025**. For over 500 days, the agency has signed agreements promising accessibility support while delivering $0.00 in actual AT hardware or software.
- **Tactical Delay and Financial Misrepresentation:** The agency has systematically stalled the $203.16 reimbursement for transition expenses authorized by the September 2025 Mediation Agreement. Furthermore, the agency has mislabeled academic reimbursements as "Supportive Maintenance" to artificially inflate the appearance of support while withholding authorized living stipends since **January 24, 2025**.
- **Medical and Academic Endangerment:** The 14-month delay in providing a permanent orthotic solution and the ongoing denial of low-vision medications has caused documented physical atrophy and vision regression. This physical decline, coupled with the lack of authorized AT, has created a functionally inaccessible academic environment in my Electrical Engineering program.
- **Constructive Denial of EO Rights:** My VRC has actively withheld information regarding my right to file an Equal Opportunity (EO) complaint, despite clear evidence of disparate treatment and the repeated failure to adhere to federal Section 504 and Title II mandates.
- The 'tactical stalling' described herein is evidenced by the fact that AT assessments and low-vision services have appeared on every IPE for nearly a year and a half

without fulfillment. This proves the agency's actions are not a result of procedural delay, but a deliberate withholding of services.

## VII. REMEDY SOUGHT

- **Appellate Compliance:** Immediate issuance of a formal Written Notice of Decision (NOD) regarding the MSCS transition denial to allow for proper CAP appeal procedures.
- **Immediate AT Disbursement:** Provision of the note-taking tablet and Adobe Acrobat Pro license, as authorized under the "Assistive Technology Unit (ATU)" provision of the 11/04/2025 IPE.
- **Retroactive Maintenance:** Disbursement of all authorized living stipends dating back to January 27, 2025, to remedy the "Maintenance Service Breach."
- **Ledger Audit and Correction:** A comprehensive audit of the case ledger to remove the $1,776.52 in mislabeled retroactive academic/transition reimbursements from the "Supportive Maintenance" category.
- **Orthotic Solution:** Authorization and immediate fitting of a permanent orthotic solution to replace the 14-month-old medical boot, as authorized under "Orthopedic Evaluation and Treatment."
- **Medical Support:** Immediate payment for the $78.84 eye medication required to stabilize vision.
- **Financial Restitution:** Reimbursement of the $203.16 in transition expenses per the September 2025 Mediation Agreement.
- **Administrative Restructuring:** Reassignment to a new Vocational Rehabilitation Counselor and Unit Supervisor outside of the current chain of command.
- **Formal Acknowledgement:** Written acknowledgement that current academic standing is a direct result of withheld medical and accessibility support by TWC-VR.

I do NOT agree to further mediation with local management as their previous failure to adhere to the September 2025 Mediation Agreement renders local remedies ineffective.

Respectfully submitted,

**/s/ Mark L. Short**
Mark L. Short
(940) 337-7005

TEXAS WORKFORCE SOLUTIONS

**Texas Workforce Commission**
**Vocational Rehabilitation Services**

# Request for Due Process Hearing and/or Mediation

## Customer Information

Applicant or Customer Name: Mark Short

Case ID Number: 2029765

Address: 350 North Street

Telephone Number: 9403377005

Email Address: markl_short@yahoo.com

What is your disability?

- [x] Blind or visually impaired
- [x] Other: If other disability, please specify: dysgraphia, diabetes, mobility

Date of this Petition: March 31, 2026

## Hearing Request Information

Concerning the determination or decision by TWC-VR staff that you are contesting, what does the determination or decision concern?

- [ ] My eligibility for vocational rehabilitation services
- [ ] My eligibility for services under the Independent Living Services for Older Individuals who are Blind
- [ ] My ineligibility for further services
- [x] Denial of services
- [x] My Individual Plan for Employment (IPE), Individual Written Rehabilitation Plan (IWRP) or Independent Living Plan (ILP) for older individuals who are blind program
- [x] Delivery or quality of counseling or other services
- [ ] The cost of services allowed by TWC-VR
- [ ] Closure of your case or termination of services
- [x] Other. If other concern, please describe:

I am appealing the Agency's failure to provide a functionally accessible training environment as required by my November 2025 IPE, the unauthorized reduction of my BVI priority status (initiated 03/23/2026), and the unlawful withholding of $1,776.52 in authorized Supportive Maintenance and medical stabilization funds.

Who made the determination? Tanisha Pickney (VRC) and Teshawn Ferguson (VR Supervisor)

On what date did the person or persons make the determination or decision? March 23, 2026



Exhibit B

Briefly describe why you are contesting this determination:

The Agency is in violation of 34 CFR § 361.57(b)(4) by attempting to reduce my BVI status and withhold funds while a dispute is pending. Furthermore, the Agency has failed in its non-delegable duty under 34 CFR § 104.4 to ensure its education vendor (Texas State University) is compliant with digital accessibility standards. As documented by a certified ISO 14289-1 audit, the current environment is 100% inaccessible, rendering my IPE goals unachievable. The local office has further obstructed my due process by withholding my case records and fabricating internal notes to justify retaliation.

This request incorporates and expands upon the issues in Docket 2026-27 to include specific acts of administrative retaliation and violations of federal 'Stay Put' protections occurring after the initial filing.

Describe the remedy you are seeking, or how you want this matter to be resolved:

Immediate Amendment of IPE: Change educational goal to Master of Science in Computer Science (MSCS) at a digitally compliant university.

Financial Cure: Immediate disbursement of the $1,776.52 in withheld funds.

Stay Put Enforcement: Formal rescission of the March 2026 BVI downgrade.

Jurisdictional Transfer: Permanent reassignment of my case to a state-level or out-of-region counselor due to documented

You have the right to pursue mediation in an effort to resolve this matter.

Do you agree to mediation? ☐ Yes ☑ No

## Accommodations Requested

**Complete the following only if applicable.**

I am requesting the following accommodations during any hearing in this proceeding (select all that apply)

☐ Reader

☐ Sign language interpreter

☐ Language interpreter - specify language:

☑ Other. If other accommodation needed, please describe:

Digital accessibility support. Due to ongoing failure to provide authorized Adobe software, I require all hearing documents to be provided in an accessible format compatible with screen readers.

## Notice

**By signing this Request for Due Process Hearing and/or Mediation, you give consent and authorization to TWC-VR to release information about you that TWC-VR has in its possession as is necessary to conduct a formal hearing or mediation.**

## Authorization

Applicant or Customer Signature: Mark L Short

**Please mail, deliver, or email this form when completed to:**
**TWC VR Hearings Coordinator**
**101 East 15th Street, Rm. 608**
**Austin, Texas 78778-0001**
**or**
**melissa.collins@twc.texas.gov**

**TWC Use Only.** Date Received:



Exhibit B

URGENT: Formal Objection to Case Reclassification – Case ID 2029765

From: Mark L. Short (markl_short@yahoo.com)

To: tanisha.pickney@twc.texas.gov

Cc: teshawn.ferguson@twc.texas.gov; vrombudsman@twc.texas.gov

Date: Monday, March 23, 2026 at 10:50 PM CDT

Ms. Pickney,

Attached is a Memorandum of Formal Objection regarding the case reclassification initiated today, March 23, 2026, at 1:56 PM.

This administrative action, initiated exactly seven days after my formal **March 16th Petition for Due Process**, constitutes a prejudicial alteration of my case status during active litigation.

The attached document serves as formal notice of material factual errors and procedural defects in the Specialist's review. I am demanding an immediate stay on this transfer to maintain the **Status Quo Ante** pending the ruling of the Administrative Law Judge (ALJ).

I have CC'd the VR Supervisor and the State Ombudsman to ensure this objection and the timeline of these events are entered into the permanent administrative record.

Respectfully,

Mark L. Short
Case ID: 2029765
(940) 337-7005

> On Monday, March 23, 2026 at 01:56:08 PM CDT, Pickney,Tanisha <tanisha.pickney@twc.texas.gov> wrote:
>
> Good morning Mark,
>
> I hope you're doing well.
>
> I'm writing to update you on your case after we reviewed your recent eye exam with our Regional and State Program Specialist.
>
> Unfortunately, based on the information in your exam, you don't currently meet the specific requirements for our Blind and Visually Impaired (BVI) program or caseload.
>
> Here's why:
>
> - While the doctor noted a significant visual loss, our policy requires us to consider your vision *after* correction with glasses. The report indicates that your vision is best corrected with glasses.

Exhibit B

- Additionally, the exam showed no restrictions in your visual field. This is another key requirement for the BVI program.

The report also mentioned your prognosis is stable and the only recommended treatment was glasses, which we've already provided for you through TWC-VR.

Because you don't currently meet the criteria for the BVI program, your case will be transferred to a general caseload. This means you'll continue to receive assistance and support, just not specifically through the BVI program.

Please don't hesitate to reach out if you have any questions or would like to discuss this further.

Sincerely,

Tanisha Pickney, M.Ed
Vocational Rehabilitation Counselor-BVI
Texas Workforce Solutions-Vocational Rehabilitation Services
4021 East 29th St, Suite 1114
Bryan, Texas 77802
Tanisha.pickney@twc.texas.gov
Office: 979-595-2880

TEXAS WORKFORCE SOLUTIONS
VOCATIONAL REHABILITATION SERVICES

Additional information about the Vocational Rehabilitation Program: https://twc.texas.gov/jobseekers/vocational-rehabilitation-services

Brochures:
"Can we talk" https://twc.texas.gov/files/jobseekers/vocational-rehabilitation-appeal-process-twc.pdf

"Guide for Applicants": https://twc.texas.gov/files/jobseekers/vocational-rehabilitation-guide-for-applicants-twc.pdf

CONFIDENTIALITY NOTICE: This communication, including any attachments thereto, is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of the message and attachments thereto, is strictly prohibited.

2026_03_23_Objection_to_Reclassification_Case_2029795.pdf
41.6 kB

Exhibit B

**MEMORANDUM OF FORMAL OBJECTION**

TO: Tanisha Pickney, M.Ed., Vocational Rehabilitation Counselor-BVI
CC: Teshawn Ferguson, VR Supervisor / Office Manager – Bryan, TX Office
Erin Humphreys, TWC-VR State Ombudsman

FROM: Mark L. Short (Case ID: 2029765)
DATE: March 23, 2026
SUBJECT: FORMAL OBJECTION TO CASE RECLASSIFICATION; NOTICE OF MATERIAL FACTUAL ERRORS

**EXECUTIVE SUMMARY**

- **CORE THESIS:** I formally object to the administrative transfer of my case from the BVI to the General caseload. This action, initiated exactly seven days after I filed a formal Petition for Due Process against this agency, constitutes a prejudicial and retaliatory alteration of my case status during active litigation.
- **RETALIATORY TIMELINE:** This reclassification was initiated at 1:56 PM, fewer than five hours after my 9:30 AM formal request for a Due Process hearing against the University.
- **SPECIFIC VIOLATIONS:** The determination that my condition is "stable" and requires "only glasses" is directly refuted by both my clinical records (VR2006E notation of Recurrent Corneal Erosion) and the active medical distress formally reported to the agency on March 16, 2026.
- **PROCEDURAL DEFECT:** The finding of "no restrictions" in the visual field is based on an informal confrontation test; the physician's report explicitly states the industry-standard Humphrey Field Analyzer (HFA) was "Not Available."
- **RESULTING HARM:** This reclassification attempts to inaccurately down-level the severity of my functional obstructions specifically to absolve the agency of the BVI-level Assistive Technology breaches (e.g., Adobe Acrobat Pro) cited in my pending Due Process litigation.

1. **RETALIATORY TIMELINE & PRIOR NOTICE OF MEDICAL DISTRESS**

- The timing of this reclassification is highly irregular. On March 16, 2026, I filed a formal Petition for Impartial Due Process Hearing. In Section IV of that petition ("Documented Medical Endangerment"), I explicitly notified the agency of my "Active Ocular Distress" and an unfilled $78.84 prescription for eye inflammation caused by the agency's withholding of maintenance stipends.
- Despite having formal, written notice of this active ocular inflammation, the Regional and State Program Specialist reviewed my file and falsely concluded on March 23 that my prognosis was "stable" and "the only recommended treatment was glasses." The agency cannot claim ignorance of my active medical treatment when it was the central subject of a Due Process petition filed one week prior.

Exhibit B

- Furthermore, on March 11, 2026, I sent a direct email to Ms. Pickney explicitly notifying her that I had been prescribed Fluorometholone 0.1% to treat active eye inflammation. Therefore, Ms. Pickney and the agency had formal, written notice of my active steroid regimen 12 days before initiating this reclassification. To claim on March 23 that my eyes are "stable" and require "only glasses" is a documented, bad-faith fabrication intended to strip me of my BVI classification during active litigation.

2. **CONTRADICTION OF MEDICAL STABILITY & TREATMENT**

- The Specialist's assertion that my prognosis requires "only glasses" ignores the clinical record.
    - Recurrent Corneal Erosion (RCE): The VR2006E Ocular History explicitly documents "Recurrent erosion — OU." RCE is characterized by spontaneous epithelial shedding, which causes episodic functional blindness. During these episodes, refractive correction via glasses is rendered useless.
    - Active Steroid Regimen: As of March 11, 2026, I am under medical orders for Fluorometholone 0.1% (one drop, 4x daily). Corticosteroids are utilized to treat active inflammatory breakdown. A "stable" system does not require a Tier-1 steroid protocol.
    - Failure of Refractive Correction: The record shows a prior attempt at Scleral Lenses. This high-level medical intervention was authorized specifically because standard glasses—which currently fail to correct my vision even to the 20/40 threshold—were deemed insufficient to meet the functional requirements of my vocational goal.

3. **INVALIDATION OF VISUAL FIELD FINDINGS**

- The assertion of "no restrictions" is a conclusion derived from an incomplete and non-standard data set.
    - Diagnostic Gap: The VR2006E explicitly notes "Humphrey Not Available." A manual confrontation test (CVF) is an insufficient screening tool for a BVI reclassification.
    - Status Quo Requirement: I demand my BVI status remain active until a high-fidelity HFA test is conducted to provide valid, machine-verified visual field data.

4. **INTERMITTENT FUNCTIONAL LIMITATIONS & DIGITAL WORKFLOW**

- The transfer to a General caseload ignores the intermittent hardware failure inherent to RCE and the extreme refractive intensity of a -15.00 prescription.
    - Professional Requirement: My vocational goal (MSCS/Electrical Engineering) requires the routine creation, correction, and modification of complex digital PDFs. I work almost exclusively in digital environments where high-fidelity visual data is the primary input.

  - Volatility of Access: While a "best corrected" snapshot on a static wall chart may show 20/40, an erosion event returns my functional vision to a baseline of Count Fingers at 2 feet (CF 2').
  - The Mission-critical: Because my physical hardware (corneas) is subject to spontaneous shedding and high-order aberrations, I rely on high-level digital infrastructure as a mission-critical. Treating my vision as a static, 20/40 constant is a system-logic error that ignores the documented medical history and my professional functional needs.

5. **FORMAL DEMAND**

- I request an immediate stay on the case transfer until the Specialist reconciles the "stable/glasses only" finding with the current steroid prescription and the documented RCE. I further demand that my classification remain unchanged until the assigned Administrative Law Judge (ALJ) reviews the impact of this action on the pending Due Process dispute.
- Because I formally requested "Administrative Restructuring: Reassignment to a new Vocational Rehabilitation Counselor" in my March 16 Due Process petition, it is a severe conflict of interest for Ms. Pickney to unilaterally alter my case classification on March 23.
- I demand that my BVI status be maintained as the Status Quo Ante pending the ruling of the Administrative Law Judge (ALJ). Any attempt to reduce, suspend, or alter my classification or services during active litigation constitutes a violation of my Due Process rights.

Mark L. Short
TWC-VR Case/Client ID: 2029765
(940) 337-7005

Exhibit B