**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor**,**<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# PLAINTIFF'S EMERGENCY MOTION FOR WRIT OF REPLEVIN

Plaintiff Mark L. Short, proceeding *pro se*, files this Emergency Motion for a Writ of Replevin pursuant to Fed. R. Civ. P. 64 and 65, seeking the immediate recovery of all unlawfully seized property, encompassing Plaintiff's federally protected Blind and Visually Impaired (BVI) vocational assets, active litigation evidence, academic records, and the entirety of his remaining personal estate.

# I. EMERGENCY JUSTIFICATION

- Defendants deliberately defaulted on the most recent August 26, 2026, 5:00 PM CDT logistical deadline to voluntarily initiate the transit of the assets.
- This default represents the culmination of the Defendants' bad-faith retention, following their active refusal to comply with a continuous series of formal transit demands executed on:
  - May 27, 2026: (Bailment Notice and Demand for Return of Assets) [ECF Doc. No 34-7],
  - June 15, 2026: (Emergency Request for Transit of Assets & Notice of Conduit Obligation) [ECF Doc. No 35-1]
  - July 12, 2026: (Urgent: Notice of Intent to Spoliate Evidence) [ECF Doc. No 22-2 at p. 2] [1]
  - July 17, 2026: (Demand to AAG for Transit of Vocational Assets) [ECF Doc. No 35-3]
  - August 23, 2026: (Demand to AAG for Freight Transit and Inventory Manifest) [2]

[1] *"To date, neither Texas State University, the Texas Office of the Attorney General (OAG), nor TWC-VR have provided the finalized operational logistics or emergency freight funding required for the extraction of this property to my current relocation in Texas City funding required for the extraction of this property to my current relocation in Texas City."*

*"I require immediate written confirmation of the specific day, time, and TXST point of contact designated to coordinate the required logistics."*

[2] See Exhibit A, Exh_A_2026_08_23_AAG_Dmd_for_Freight_Transit_and_Inventory_Manifest.pdf

- The assets were unlawfully seized during a May 20, 2026, armed eviction at Balcones 3414. This eviction was executed under a manufactured financial pretext, directly caused by Defendants intentionally withholding Plaintiff's authorized room and board funding until May 22, 2026.
    - The university's own billing ledger confirms TWC processed a **$9,382.58** payment exactly two days *after* executing the armed lockout and property seizure. (NOTICE TO THE COURT OF REALIZED IRREPARABLE HARM AND RETALIATORY ESCALATION BY DEFENDANT TEXAS STATE UNIVERSITY) [ECF Doc. No 16], (TXST Acct Stmnt Spring 2026) [ECF Doc. No 34-3]
- At all times relevant to this action, Texas State University (TXST) operated as Defendants' contracted educational vendor and administrative agent for the execution of Plaintiff's Individualized Plan for Employment (IPE) [Exhibit A]. Because Defendants directly financed this placement and maintain federal monitoring mandates over their vendors pursuant to 34 C.F.R. § 361.13, property seized and held by TXST in connection with this vocational program is in the constructive possession of Defendants.
- Defendants function as involuntary bailees following the May 27, 2026, Notice of Bailment, which demanded the insured freight transit of the property. (Bailment Notice and Demand for Return of Assets) [ECF Doc. No 34-7]

## II. THE FRAUDULENT ABANDONMENT PRETEXT

The Defendants cannot invoke an "abandoned property" defense to shield their liability or claim Plaintiff is free to retrieve the assets.

- Plaintiff placed Defendants on actual notice of his severe physical mobility limitations (a ruptured Achilles) at the time of the eviction, establishing that Plaintiff could only retain what he could *"physically carry out."* (NOTICE TO THE COURT OF REALIZED IRREPARABLE HARM AND RETALIATORY ESCALATION BY DEFENDANT TEXAS STATE UNIVERSITY) [ECF Doc. No 16 at p. 2]
- Furthermore, Defendants were explicitly warned that demanding Plaintiff appear on campus to retrieve property, despite an active Criminal Trespass warning, was an unlawful condition forcing Plaintiff to choose between recovering property and protecting his liberty. (Bailment Notice and Demand for Return of Assets) [ECF Doc. No 34-7]
- As established by sworn affidavit, Plaintiff formally requested emergency logistical funding from Defendants on June 15, 2026, to secure this property; the Defendants' deliberate refusal to authorize these funds intentionally manufactured the condition of "abandonment" they now claim. (Sworn Declaration of Mark Short) [ECF Doc. No 22-4 at p. 3]
- The Defendants' continued refusal to authorize and execute the transit of these BVI assets constitutes an ongoing deprivation of mandatory vocational rehabilitation services—specifically transition services, transportation, and rehabilitation technology—in direct violation of 29 U.S.C. § 723(a) and 34 C.F.R. § 361.48(b).

- The precise itemization of the surviving property is exclusively within Defendants' control. Plaintiff formally requested a complete asset inventory and disposal log on July 21, 2026 (Req for Property Inv) [ECF Doc. No 34-11] and renewed this demand for a "Spoliation Inventory Manifest" on August 23, 2026.[3] Defendants' deliberate, month-long refusal to provide this accounting necessitates a categorical writ encompassing all surviving property to halt ongoing destruction.

## III. ONGOING SPOLIATION AND IRREPARABLE HARM

Immediate judicial intervention is required to halt active spoliation and secure the surviving evidentiary record. The ongoing destruction and withholding of these assets constitutes irreparable harm because it cannot be cured by future monetary damages.

The permanent disposal of physical litigation evidence inherently prejudices Plaintiff's federal civil rights claims, while the active withholding of customized BVI Assistive Technology inflicts an ongoing, unquantifiable deprivation of mandatory vocational rehabilitation services.

- Plaintiff provided sworn, explicit written notice of impending spoliation to Defense Counsel on July 14, 2026, confirming the stored property contained federally funded BVI Assistive Technology and physical evidence of the inaccessible environment. (Sworn Declaration of Mark Short) [ECF Doc. No 22-4 at p.2]

---

[3] See Exhibit A, Exh_A_2026_08_23_AAG_Dmd_for_Freight_Transit_and_Inventory_Manifest.pdf

- On July 21, 2026, despite possessing actual knowledge of this evidentiary value, university personnel acting as Defendants' agents confirmed in writing the permanent disposal of items they unilaterally designated as not "high value" and the transfer of surviving assets to the University Police Department (UPD). (Notice of Supplement Evidence and Realized Harm) [ECF Doc. No 26], (Spoilation and Destruction of Property) [ECF Doc. No 26-1]
- These remaining assets are currently subject to an arbitrary 60-day destruction clock initiated on July 17, 2026, mandating expedited replevin to halt further spoliation. [ECF Doc. No 26-1]
- Judicial intervention is required immediately to halt the ongoing, documented spoliation of evidence and to prevent the imminent destruction of the remaining seized property, scheduled for destruction on **September 17, 2026.**

## IV. PRAYER FOR RELIEF

Plaintiff respectfully requests the Court issue an immediate Order granting the following specific relief:

- Compelling the release of all surviving assets currently held by UPD or TXST.
- Mandating that prior to transit, Defendants produce a signed, itemized manifest of all surviving property to establish the baseline calculation for assets already destroyed by Defendants and their agents.
- Mandating Defendants utilize state-contracted logistics to execute the fully insured freight transit of these assets to Plaintiff in Texas City, Texas.

- Tolling the 60-day disposal protocol indefinitely until successful transit is confirmed.
- Any further relief to which Plaintiff is deemed entitled.

## V. VERIFICATION AND AUTHENTICATION OF EXHIBIT

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements are true and correct, and that Exhibit A attached hereto is a true, accurate, and with the exception of added exhibit watermark labels, unaltered copy of the original correspondence I transmitted to Defense Counsel on August 23, 2026.

Executed on August 26, 2026.

*/s/ Mark L. Short*

______________________

**Mark L. Short**, BSCS

Respectfully submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 26, 2026

# CERTIFICATE OF CONFERENCE

Pursuant to Western District of Texas Local Rule CV-7(g), Plaintiff certifies a good-faith effort was made to confer with opposing counsel as follows:

- On August 26, 2026, at 8:14am CDT, Plaintiff provided electronic notice of this administrative request to Assistant Attorney General Elizabeth Bryan, requesting a response by August 26, 2026, 4pm CDT.
- As of the date of this filing, the Counsel for Defendants were non-responsive and therefore implied they were OPPOSED to the motion.

Respectfully Submitted,

*/s/ Mark L. Short*

______________________

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 26, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, a true and correct copy of the foregoing was served upon the Respondents via Electronic Mail as follows:

**Counsel for Defendants (TWC, Marler, Pickney):**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: 737-230-4700
Email: elizabeth.bryan@oag.texas.gov

Additionally, to satisfy the "actual notice" requirements of Fed. R. Civ. P. 65(d)(2)(C) and legally bind non-parties acting in active concert and participation with the Defendants, a true and correct copy of this filing has been served via direct electronic mail transmission to the following university administrators and legal officers:

**Office of the General Counsel**
Texas State University System (TSUS)
O. Henry Hall
601 Colorado Street
Austin, TX 78701-2904
Phone: (512) 463-1808
Email: tsusgencoun@txstate.edu

**Kate Gannon-Cullinan, Ph.D.,**
Executive Director of Housing and Residential Life (DHRL)
Texas State University
Housing & Residential Life
515 N. Comanche
San Marcos, Texas 78666
Phone: 512.245.4663
Email: dhrldirector@txstate.edu

Respectfully Submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: August 26, 2026