# DEMAND FOR FREIGHT TRANSIT AND SPOLIATION INVENTORY MANIFEST (Case No. 1:26-cv-01174-ADA-DMH)

From: Mark L. Short (markl_short@yahoo.com)
To: elizabeth.bryan@oag.texas.gov; daisy.jackson@oag.texas.gov
Date: Sunday, August 23, 2026 at 08:55 AM CDT

Counsel,

Good morning. I do not envy the position you are in.

Nevertheless, with my *Objections* now formally docketed, the State's individual and agency-level liability regarding the May 20, 2026, seizure of my property is permanently indexed.

The ongoing destruction of my personal estate and BVI assistive technology is the direct, proximate result of TWC's deliberate default on its federal mandates to monitor its educational vendors under 34 C.F.R. § 361.13, the federal FFY 2026 MTAG, and the Texas WIOA Combined State Plan.

*(Note - I have included the hyperlinks to the previous authorities for your convenience)*

It is my position that not only was no oversight of the educational vendor conducted by your client (TWC), but it is intentional and by design.

If your client's defense posture assumes the August 22, 2026, filings represent the entirety of my evidentiary record, their assessments are fundamentally flawed. The 94-point catalog currently on the docket is merely a preliminary production designed solely to establish initial proximate cause.

- The deeper administrative record—to include the unsealed back-channel communications documenting TWC's overt, systemic ratification of TXST's compliance breaches—is intentionally withheld pending the formal activation of federal discovery.

The purpose of this communication is strictly logistical. It provides the State a narrow opportunity to mitigate its daily compounding exposure regarding the ongoing spoliation of my federally protected vocational assets previously held at Balcones 3414.

I am issuing a formal demand for the immediate transit of all surviving property to my current location in Texas City, Texas. To execute this transit, the State must comply with the following parameters:

1. **Insured Freight Transit:** The State will contract and finance a fully insured freight carrier to securely transport the remaining assets.

2. **Spoliation Inventory Manifest:** Prior to transit, a comprehensive, itemized manifest of

Exhibit A

all surviving property must be generated. This manifest must be signed and verified by TXST Executive Director of Housing Kate Gannon-Cullinan or Director of Residential Experience Alex Metiash.

3. **Calculation of Destroyed Assets:** This certified manifest will serve as the baseline evidentiary document to calculate the precise financial delta of the property the State has already unlawfully destroyed. This delta will be permanently attached to the active Statement of Loss and integrated into the impending federal discovery matrix.

This logistical mandate does not constitute a global settlement offer, a waiver of individual-capacity claims, or a release of overarching liability for the Texas Workforce Commission(TWC) or Texas State University(TXST).

It is solely an operational directive to halt the ongoing destruction of active litigation evidence and federally protected assistive technology.

Please confirm by Wednesday, **August 26, 2026, at 5:00 PM CDT** whether the State will initiate this transit protocol, or if it intends to continue actively compounding its spoliation and conversion liability on the federal record.

Respectfully,

Mark L. Short
Plaintiff, Pro Se
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Exhibit A