**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor,<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# EMERGENCY SUPPLEMENT TO MOTION FOR SANCTIONS [ECF 34] AND PETITION FOR WRIT OF REPLEVIN [ECF 37] REGARDING IMMINENT SPOLIATION OF EVIDENCE

Plaintiff Mark L. Short respectfully submits this Emergency Supplement to the pending Expedited Motion for Sanctions [ECF 34] and Emergency Petition for Writ of Replevin [ECF 37]. This supplement documents an ongoing, bifurcated spoliation of evidence by the Texas State University Police Department (TXST UPD) and the deliberate violation of federal "Stay Put" mandates by the Texas Workforce Commission (TWC-VR).

## I. Exhaustion of Conferral (Local Rule CV-7)

Pursuant to WDTX Local Rule CV-7, Plaintiff exhausted all administrative remedies and conferral requirements prior to this filing.

On September 17, 2026, Plaintiff notified TWC-VR leadership of the impending September 19, 2026, property destruction deadline and demanded the unconditional authorization of emergency freight transit for the seized vocational property.

As documented in **Exhibit A,[1]** TWC-VR Supervisor Nakia Bryant explicitly refused to authorize the transit, conditioning the release of Plaintiff's property on the formal forfeiture and modification of Plaintiff's active federal Individualized Plan for Employment (IPE). The conferral ended in an absolute impasse.

## II. Admitted and Unadmitted Spoliation of Evidence

The State's provided property ledger,[2] confirms a bad-faith execution of inventory management designed to conceal the theft and destruction of Plaintiff's vocational assets. The spoliation is bifurcated into two distinct

[1] Exhibit A, 2026_09_17 Bryant Conferral Correspondence
[2] Exhibit B, 2026_06_15 TXST Spoliation Ledger (Executed 07_21)

liability events:

### A. Admitted Spoliation, 36-Day Premeditation, and Malice (July 21, 2026)

The State's anticipated reliance on a "routine disposal" or "good-faith" defense is permanently neutralized by its own administrative timeline. The generation of this 323-row manifest on June 15, 2026—a mere 26 days after the May 20 armed eviction—proves the State's vendor systematically sorted, physically handled, and appraised Plaintiff's <u>entire physical existence</u>.

Furthermore, the State possessed this itemized knowledge for over a month before executing the destruction on July 21, 2026. The State knew exactly what it was holding, yet made the conscious, premeditated choice to execute a targeted purge while active litigation and a Writ of Replevin were pending.

A neutral disposal operates as a blind sweep. The State's June 15 manifest proves an explicitly conscious, item-by-item sorting process. The State's agents physically handled, recognized, and actively routed to a landfill the following items:

- **Critical Medical & Prescription Assets (Box 28)**

- **Core Computer Science & Academic Textbooks (Box 18)**
- **Irreplaceable Legal, Tax, and Estate Documents (Boxes 30 & 33)** The State destroyed highly sensitive, **irreplaceable** family and financial records, photos, keepsakes & documents. This moves the liability beyond a simple property dispute and into the destruction of vital records.
- **Essential Hardware & Vocational Tools (Boxes 1 & 16)**

There is no legal argument or administrative defense that can justify the visual and factual reality of this manifest in a federal forum. The State consciously authorized the preservation of minor kitchen appliances—including a Cuisinart toaster, a Crock Pot, and a Nutribullet—as **"High Value,"** while intentionally destroying an Alienware laptop power supply and the digital storage media strictly required for a Computer Science degree. This is calculated vocational sabotage.

The State rushed to permanently erase these assets barely two months after the May 20, 2026, armed eviction. The decision to selectively destroy family history and medical supplies while preserving a coffee maker and a toaster provides the exact legal element of malice required to pierce sovereign immunity. The manifest is an itemized receipt of targeted,

vindictive spoliation orchestrated under the direct authorization of DHRL Director Kate Gannon-Cullinan. It is utterly indefensible, indicative of administrative cruelty, and completely shatters any unified administrative defense.

**B. Unadmitted Spoliation and Conversion of Property**

To project an illusion of meticulous administrative compliance, the TXST UPD logged items of zero financial value with hyper-granularity specifically inventorying:

- individual fast-food condiment packets,
- empty cardboard boxes,
- a single cotton ball.
- 15 loose "paper clips"
- 3 "free samples of detergent/fabric softener"
- 4 "Opened Box of Trash bags"
- 1 "Opened Great Value Sandwich bags"
- 1 "lens wipe"
- 1 "lint roller"

Simultaneously, this ostensibly exhaustive ledger completely omits distinct, high-value vocational assets known to be seized, including:

- Two distinct USB drives containing critical digital storage.
- A Dell laptop docking station.
- An unworn pair of Rockport shoes in original retail packaging.
- An unopened Sonicare electric toothbrush.

The selective omission of these easily resalable and highly critical items from a ledger that actively tracks paperclips and loose Q-tips constitutes off-book conversion of property by the executing officers.

Defendant TWC-VR is currently conditioning the administrative authorization and funding for the emergency transit of Plaintiff's seized vocational property on the modification, reduction, or surrender of Plaintiff’s active November 2025 Individualized Plan for Employment (IPE). Leveraging a state-manufactured physical eviction to extort the forfeiture of a vested educational baseline constitutes an active violation of the federal "Stay Put" mandate pursuant to 34 C.F.R. § 361.57 and 29 U.S.C. § 722(c)(8)(A).

TWC-VR is unlawfully weaponizing the impending September 19 destruction deadline to coerce the termination of an active federal IPE services, pending litigation.

## III. Violation of Federal "Stay Put" Mandates and ADA Title II Retaliation

The withholding of this property is currently being weaponized by TWC-VR to force a contract modification. Under 29 U.S.C. § 722(c)(8)(A) and 34 C.F.R. § 361.57(b)(4), Plaintiff's active November 2025 IPE is federally protected from unilateral reduction or termination, TWC-VR lacks the administrative authority to suspend or reduce existing services during an active dispute.

As evidenced in **Exhibit A**, Supervisor Bryant relies on legally fatal misinterpretations of federal law to enforce this logistical blockade:

### A. Violation of the Supremacy Clause

Supervisor Bryant explicitly cites the state-level Vocational Rehabilitation Services Manual (VRSM) to justify the refusal of transit services, asserting that state policy prohibits funding without *"active enrollment."* This unilaterally elevates internal state policy over the binding federal injunction of the statutory "Stay Put" mandate.

### B. Circular Administrative Retaliation

The agency claims that because Plaintiff is not currently enrolled in coursework, he lacks a *"primary service,"* rendering the emergency transit of his property *"policy-prohibited."* This framework leverages a state-

manufactured barrier—a forced eviction and property seizure executed over a financial pretext that the State itself subsequently paid—to justify terminating a federal objective.

Conditioning the physical rescue of seized property on the forfeiture of vested educational goals is a coercive ADA Title II violation. The continued refusal to unconditionally authorize this transit and the scheduled execution of the final 5% of the inventory on September 19, 2026, exponentially compounds the financial exposure of the involved agencies. Furthermore, the documented conversion of assets and the active manipulation of the inventory ledger permanently activates the framework for individual-capacity liability regarding the resulting damages for all named state employees, university housing directors, and ODS staff facilitating this blockade.

## IV. Exhibits Relied Upon

Pursuant to Local Rule CV-7(c)(1) and CM/ECF formatting requirements, the factual basis for this motion is supported by the following documents, submitted concurrently as separate PDF attachments:

- **Exhibit A – 2026_09_17 Bryant Conferral Correspondence**

  Documents the VR Supervisor’s formal refusal to provide unconditional

transit authorization and ratification of the conditional IPE modification.

- **Exhibit B – 2026_06_15 Spoliation Ledger (Executed 07_21)**

  Documents the precise inventory of the seized assistive technology, physical and electronic evidence, and personal, vocational, and educational assets. This ledger expressly confirms the admitted July 21, 2026, destruction of 95% of the cataloged items, the hyper-granular logging of zero-value trash, and the unadmitted omission and conversion of critical high-value electronics and retail goods.

## V. Relief Requested

The calculated incentive for Defendants is immediate, strict compliance with the existing IPE framework and the preservation of all remaining evidence. Plaintiff respectfully requests this Court:

1. Compel the immediate, unconditional authorization and funding of emergency freight transit for all remaining property currently held by TXST UPD.
2. Apply the requested [ECF Doc. No. 34] sanctions against Defendants for the admitted July 21 spoliation of academic, vocational, medical and legal materials and the unadmitted conversion of digital vocational assets.

3. Grant all further appropriate sanctions against Defendants for the attempted spoliation of evidence and violations of the "Stay Put" mandate.

## VI. Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that with the exception of the addition of watermark labels, the foregoing is true and correct, and that

- **Exhibit A** (2026_09_17 Bryant Conferral Correspondence) attached hereto is a true copy of the original document; and
- **Exhibit B** (2026_06_15 TXST Spoliation Ledger (Executed 07_21)) attached hereto is a PDF export of the excel spreadsheet received on June 15, 2026.

Executed on September 17, 2026.

Respectfully submitted,

*/s/ Mark L. Short*

______________________________

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Additionally, I hereby certify that on September 17, 2026, a true and correct copy of the foregoing was served upon the Defendants via Electronic Mail as follows:

**[Yet to appear] Counsel for Defendants (TWC, Marler, Pickney):**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: 737-230-4700
Email: elizabeth.bryan@oag.texas.gov

Respectfully Submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: September 17, 2026