markl_short@yahoo.com Sign Out ?

# RE: URGENT Notice: Refusal of IPE Reductions & Demand for Immediate Freight Transit Authorization (ECF 34 & ECF 37)

NB Nakia Bryant <nakia.bryant@twc.texas.gov>
9/17/2026 7:39:37 PM

To: markl_short@yahoo.com

Reply All

Encrypt: This message is encrypted. Recipients can't remove encryption.

Can We Talk.pdf

Mr. Mark,

Thank you for contacting me regarding your Vocational Rehabilitation (VR) services and your pending property transit. I appreciate the opportunity to clarify our operational procedures and the state and federal policies that govern them, so we can work together effectively.

Please be assured that we are not in any way, shape, or form attempting to force you to do anything. We do want to inform you of our scope of practice, as well as our roles and responsibilities as VR professionals, to ensure you are fully aware of the guidelines we must operate within.  I am also providing a link to our policy VR Policy Manual for your reference.

I would like to address each of the points you raised to clarify how TWC-VR must proceed:

**1. Individualized Plan for Employment (IPE) Modifications & Service Additions**

Under federal and state VR regulations, any service provided to a customer must be directly tied to a specific, approved vocational goal on an active IPE.

- Adding Services: To authorize and fund any new service must formally add that service to your IPE. This requires a mutually agreed-upon IPE Amendment.
- Goal Review: While we do not "conditionally" tie necessary services to the forfeiture of your goals, TWC-VR is required to review IPE goals periodically to ensure they remain

Exhibit A

realistic, attainable, and aligned with your current circumstances and the services requested. We want to work with you to ensure your educational and vocational paths are fully supported. I believe VRC Villarreal explained what the recommended changes were.

- You do not have to agree. That is your right. I am including a copy of the Can We Talk brochure.

**2. Scope and Limitations of VR Services (Emergency Freight & Property Recovery)**

TWC-VR operates under strict scope-of-service limitations defined by public rehabilitation standards:

- Limitations on Asset Recovery: VR funds are explicitly designated to overcome barriers to employment or training. TWC-VR is not authorized to act as a general logistics or legal compliance agent for recovering seized assets, nor can we fund freight transit that does not directly and immediately serve as a prerequisite to an active training or employment milestone.
- No Unconditional Authorization: Consequently, we cannot provide an "unconditional" authorization for the freight transit of your property separate from our standard evaluation and IPE modification processes.

NOTE: VRSM Chapter C-1400: Supportive Services / Section C-1401-1: Policy on Supportive Services

- The Rule: Supportive services (which include transportation, moving services, lodging, and maintenance) are never standalone services. They exist solely to support a primary VR service (such as active post-secondary training or employment).
- Emergency Limitations: Even in an emergency (such as the threatened destruction of property at Texas State University), a supportive service cannot be authorized unless the customer is actively participating in a primary VR service. Because the customer is not currently enrolled in post-secondary training, the primary service is inactive. Therefore, authorizing emergency supportive services is policy-prohibited.
- TWC VR is not an emergency agency.

**3. Regional Vendor Updates vs. Administrative Substitutions**

You noted that changing your daily transportation vendor (such as ZTrip) in Texas City should be a minor administrative update.

- System Requirements: In our ReHabWorks (RHW) system, changing service providers across regional boundaries or modifying service authorizations is not a simple localized change. It alters the active financial plan of the IPE.
- To ensure your transportation services resume without interruption in your new location, we must formally update your IPE to reflect the correct service providers in the area you currently reside.

NOTE: Per VRSM B-306 (Case Transfer) and VRSM C-1403 (Transportation), a relocation to a new geographic region (Texas City) constitutes a material change in circumstances. Any subsequent adjustments to local service providers or supportive transportation services require a formal IPE Amendment under VRSM B-506 before new service authorizations can be issued in ReHabWorks. We cannot issue service authorizations in ReHabWorks for a new transportation provider without an updated and signed plan.

**4. The Federal "Stay Put" Provision**

We fully acknowledge and respect federal procedural safeguards. The "stay put" provision applies to formal dispute resolution or fair hearing processes to maintain the status quo of active services.

- Updating vendor locations or modifying an IPE to evaluate and add new requested services does not constitute an arbitrary reduction or closure of your active case. Our local team, including VRC Monica Villarreal, is striving to work collaboratively with you to update your plan to reflect your current location and active needs.

Other points of concern:

**5. Policy Requirements for Post-Secondary Training Goals**

Under the TWC Vocational Rehabilitation Services Manual (VRSM), VR-funded services supporting a post-secondary educational goal are contingent upon strict verification criteria:

- Active Enrollment and Documentation: VR Services can only support academic goals when a customer provides official documentation of active enrollment or a formal letter of acceptance into an approved, accredited post-secondary program.
    - It is our understanding that enrollment in post-secondary education stopped in May 2026.
- Current Status: Our records indicate that you are no longer attending Texas State University, and you have not yet provided documentation of acceptance or enrollment into a new post-secondary institution.
- Under Texas Workforce Commission Vocational Rehabilitation Services Manual (VRSM) policies, VR cannot fund or authorize services supporting post-secondary education goals as there is not active enrollment or documentation of acceptance into an approved program.

**6. Exploring Viable Options and Recommendations**

Our understanding is your situation has changed. As a result of the change, an IPE Amendment is necessary to continue with services.

When a customer's situation changes—such as when enrollment at an institution ends—our role is to help you explore alternative pathways to reach your career objectives. Ms. Villarreal's recommendations were made specifically to assist you in exploring viable, alternative options in light of your current situation.

- Plan Updates for Career Exploration: To officially begin exploring these new options (which may include identifying other academic programs, vocational training, or direct employment services), we are required by policy to update your IPE.

We look forward to working with you to find a viable resolve in your progression toward an employment outcome.

Sincerely,

**Send all billing and invoicing to: VR5-1billing.sm@twc.texas.gov**

**Nakia Bryant, M.S., Ed.Sp., CRC**

Texas Workforce Commission

Vocational Rehabilitation Supervisor: Texas City, Galveston, Clear Lake, Pearland

**Cell:** 832-270-9086

**Fax:** 512-322-2847

**Email:** nakia.bryant@twc.texas.gov

TEXAS WORKFORCE COMMISSION

TEXAS WORKFORCE SOLUTIONS

VOCATIONAL REHABILITATION SERVICES

**TWC Confidentiality Statement:** CONFIDENTIALITY NOTICE: This communication, including any attachments thereto, is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of the message and attachments thereto, is strictly prohibited.

Exhibit A

**From:** Mark L. Short <markl_short@yahoo.com>
**Sent:** Thursday, September 17, 2026 7:49 AM
**To:** Nakia Bryant <nakia.bryant@twc.texas.gov>
**Cc:** Elizabeth Bryan <elizabeth.bryan@oag.texas.gov>; Monica Villarreal <monica.villarreal@twc.texas.gov>; Daisy Jackson <daisy.jackson@oag.texas.gov>
**Subject:** URGENT Notice: Refusal of IPE Reductions & Demand for Immediate Freight Transit Authorization (ECF 34 & ECF 37)

You don't often get email from markl_short@yahoo.com. Learn why this is important
**CAUTION:** Email not from TWC System. Use care when clicking links and opening attachments.

Supervisor Bryant,

This correspondence serves as formal, documented notice regarding my active Individualized Plan for Employment (IPE) and the emergency freight transit of my seized BVI vocational property.

During a recent phone conversation, VRC Monica Villarreal explicitly attempted to condition the authorization of this emergency freight transit on my agreement to formally "modify" my active IPE—specifically demanding the removal or alteration of my vested educational goals.

I am providing the following operational and legal realities to govern TWC-VR's immediate actions:

**1. Refusal of Coercive IPE Reductions**
Tying the recovery of seized vocational property—currently facing a September 19 destruction deadline—to the forced forfeiture of vested IPE goals is a coercive administrative maneuver. It constitutes documented retaliation under ADA Title II. I will not sign, authorize, or accept any IPE modification or amendment that reduces, alters, or suspends my existing educational goals and services.

**2. Enforcement of Federal "Stay Put" Protections**
My active IPE remains strictly subject to the federal "stay put" provision pending the resolution of the active federal litigation. TWC-VR does not possess the legal authority to unilaterally reduce or close these mandatory services while the State is actively withholding the vocational property required to complete them.

**3. Pretextual Vendor Substitutions**
VRC Villarreal indicated a formal IPE "modification" is required

Exhibit A

because my previous localized transportation vendor (ZTrip) does not service my emergency relocation area in Texas City. Updating a localized service vendor is a standard administrative substitution. Weaponizing this basic vendor update as a pretext to force a comprehensive "IPE Modification" and strip my educational goals is a bad-faith tactic. The freight transit of my seized property is a distinct, time-sensitive legal necessity, entirely separate from daily transportation logistics.

**4. The September 19 Liability Deadline and Active Federal Sanctions**

The freight transit is a mandatory compliance action required to halt the execution of the September 19 destruction protocol currently scheduled by the TXST University Police Department. Attempting to delay this transit by holding it hostage to an IPE reduction actively facilitates the ongoing spoliation of evidence under my pending Expedited Motion for Sanctions (ECF 34) and Emergency Motion for Writ of Replevin (ECF 37).

The calculated incentive for TWC-VR is immediate, strict compliance with the existing IPE framework. Delaying the transit to force a signature on reduced services does not mitigate TWC's exposure; it exponentially compounds the State's financial liability.

The only acceptable administrative action is the immediate, unconditional authorization and funding of the freight transit to recover my property.

Any failure to provide direct, written confirmation that this transit has been unconditionally authorized by the close of business today will be immediately docketed as an Emergency Supplement to ECF 34 and ECF 37, formally notifying the Court of TWC-VR's active role in facilitating the September 19 spoliation.

Mark L. Short
(940) 337-7005

Attachments:

- * Attachment_1_Active_Vested_IPE_Nov_2025.pdf
- * Attachment_2_Refused_Coercive_Amendment_Sept_2026.pdf

Exhibit A

On Wednesday, September 16, 2026 at 05:29:30 AM CDT, Mark L. Short <markl_short@yahoo.com> wrote:

Dear Nakia Bryant,

Good morning. I am contacting you directly as the designated service coordinator following a phone conversation with VRC Monica Villarreal regarding the pending freight transit of my seized BVI vocational property.

Please be advised of the following operational facts to help us coordinate this transit smoothly:

**1. Procedural Misunderstanding Regarding Transition Services**

During our call, Ms. Villarreal indicated that TWC-VR requires modifications to my active Individualized Plan for Employment (IPE)—specifically the **removal or alteration of educational goals**—prior to authorizing the transition services necessary to recover my property.

I believe there may be a misunderstanding at the local level. The release of active federal litigation evidence and seized BVI vocational assets cannot be conditionally tied to the forfeiture of my vested IPE goals. Doing so runs counter to the Office of the Attorney General's active efforts to prevent spoliation before the September 19 deadline.

**2. "Adding" Services vs. "Removing" Goals**

During our call, Ms. Villarreal indicated that TWC-VR must formally "modify" my IPE to "add" the transition services necessary to recover my property.

While I fully welcome the addition of mandatory transition services to facilitate this emergency freight transit, the addition of a new logistical service does not require the removal, alteration, or suspension of my existing, vested educational goals.

**3. Enforcement of Federal "Stay Put"**

My active IPE, including all educational goals and services, remains strictly subject to the federal "stay put" provision pending the resolution of the active federal litigation. I do not, and will not, consent to any reductions or closures of my active IPE.

In layman's terms, a "stay put" provision means no removal or reduction of any existing service. I trust that as a VR Supervisor, you are well-versed in these federal protections.

**4. Administrative Vendor Updates vs. IPE Modifications**

Ms. Villarreal also mentioned that a formal "modification" is required because my previous daily transportation vendor (ZTrip) does not service my emergency relocation area in Texas City.

Updating a localized service vendor to a regional equivalent is a standard administrative substitution. It does not require a comprehensive "IPE Modification" that opens my vested educational goals to alteration or closure. The emergency freight transit of my seized property is completely separate from daily localized transportation.

## 5. Required Administrative Action

The freight transit of this property is a mandatory, time-sensitive compliance action required to halt the execution of the September 19 destruction protocol at Texas State University.

Please provide a direct, written response to this email confirming that TWC-VR is authorizing the unconditional transit of my property, separate from any localized vendor updates or IPE modifications.

Respectfully,

Mark L. Short
(940) 337-7005

Message Encryption by Microsoft Office 365

Exhibit A