**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor**,**<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# PLAINTIFF'S ADVISORY TO THE COURT REGARDING FIFTH CIRCUIT ORDER, APPELLATE REHEARING, AND MATURATION OF SPOLIATION DEADLINE

Plaintiff Mark L. Short, proceeding *pro se*, files this Advisory to formally notify the Court of the September 19, 2026, Order issued by the United States Court of Appeals for the Fifth Circuit [Appellate Case No. 26-50807], the active Petition for Panel Rehearing, and to log the expiration of the State's property destruction deadline.

## I. APPELLATE DEFERRAL TO DISTRICT COURT JURISDICTION

On September 19, 2026, the Fifth Circuit issued an unpublished order denying Plaintiff's Emergency Petition for Writ of Mandamus. A true and correct copy of this Order is attached hereto as **Exhibit A [Fifth Circuit Order No. 26-50807]**.

The appellate panel explicitly declined to issue extraordinary relief on the grounds that Plaintiff possesses adequate alternative means to attain relief at the district court level. Specifically, the Fifth Circuit directed that the district court should *"adjudicate his property-related motions."*

The appellate panel further acknowledged that Plaintiff ***"may have suffered injustice"*** but deferred the resolution of this property dispute and the resulting liability to this Court.

On the afternoon of September 19, 2026, Plaintiff formally filed a Petition for Panel Rehearing [Appellate Docket No. 25] to correct the panel's fatal factual conflation of conditional state educational services with the Fourth Amendment seizure and civil conversion of the entirety of Plaintiff's worldly possessions. [ECF Doc. No. 42-2]

The State's forced eviction stripped Plaintiff of nearly all personal property, not merely isolated vocational or educational tools. To be explicitly clear,

TWC-VR barely provided anything required for an educational program and clearly not personal luggage, clothing, socks, shoes, assistive technology, dual 42” Led computer monitors, monitor stands, docking station, USB storage devices, mouse, keyboard, cables, dishes, cooking utensils, let alone the seven distinct prescription medications, medical stabilization tools, decades of federal tax records, military medals, and irreplaceable family artifacts that were swept up in this total civil conversion.

The fact remains that Petitioner was left utterly impoverished by this Vocation Rehabilitation apparatus, stripped of the very necessities of life, dignity and self-sufficiency.

However, pending the appellate court's correction of the record, the Fifth Circuit’s jurisdictional directive to this Court remains active: this venue must adjudicate the property-related motions.

## II. MATURATION OF THE SPOLIATION DEADLINE (SEPTEMBER 19, 2026)

This Advisory formally logs that as of Saturday, September 19, 2026, the State of Texas and its contracted vendor, Texas State University, have allowed their 60-day maximum storage deadline to expire.

Despite multiple formal demands for the release of transit funds, including a final administrative ultimatum issued to the Office of the Attorney General on September 10, 2026, the State formally defaulted. The State issued no written rescission of the destruction directive. Consequently, the threatened destruction of Plaintiff's privately owned medical, family, and self-funded educational and vocational assets has now officially matured into an active spoliation event.

## III. DEMAND FOR IMMEDIATE ADJUDICATION

Because the Fifth Circuit has formally designated this Court as the proper venue to resolve this property dispute, the indefinite administrative freeze imposed by September 2, 2026, *Order Regarding Case Administration* [ECF Doc. No. 40] can no longer operate as a total bar to emergency relief.

Plaintiff respectfully advises the Court that the impending filing of a Motion for Spoliation Sanctions and the First Amended Complaint will permanently index the financial liability incurred by the State's September 19, 2026, default. Plaintiff requests the immediate lifting of the [ECF Doc. No. 40] administrative freeze strictly to permit immediate rulings on the fully briefed property motions explicitly deferred by the appellate court: the Expedited Motion for Sanctions and Return of Seized Property [ECF Doc. No. 34], the Emergency Motion for Writ of Replevin [ECF Doc. No. 37], and the Emergency Motion for a Preservation Order [ECF Doc. No. 41].

Respectfully submitted,

*/s/ Mark L. Short*

______________________________

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: September 19, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Additionally, I hereby certify that on September 19, 2026, a true and correct copy of the foregoing was served upon the Defendants via Electronic Mail as follows:

**[Yet to appear] Counsel for Defendants (TWC, Marler, Pickney):**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: 737-230-4700
Email: elizabeth.bryan@oag.texas.gov

Respectfully Submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: September 19, 2026