**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor**,**<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# NOTICE OF SPOLIATION AND DEMAND FOR PRESERVATION OF EVIDENCE REGARDING 1,132 WITHHELD ACADEMIC FILES

Plaintiff Mark L. Short, proceeding *pro se*, issues this Notice of Spoliation and Demand for Preservation of Evidence to formally instruct Defendant Texas Workforce Commission (TWC) and its state-contracted agents at Texas State University (TXST) of their mandatory legal obligation to immediately preserve all electronic data, metadata, and physical records, to include the 1,132 currently withheld academic and administrative files.

## I. FACTUAL BASIS AND IMMINENT THREAT OF SPOLIATION

Defendant and its contractual agents at Texas State University (TXST) maintain exclusive possession, custody, and control over 1,132 specific digital and physical academic files. These files constitute critical primary evidence of Plaintiff's academic merit, specifically regarding the EE 2300 (Circuits I) coursework, and document the systemic institutional interference executed during the Spring 2026 semester.

### A. Jurisdictional Nexus and Constructive Control

Defendant TWC maintains constructive legal control over these 1,132 vendor-housed files. For the purposes of federal discovery under FRCP 37, TXST is not an insulated third party; it operates as the state-contracted vendor executing Plaintiff's active, federally funded Individualized Plan for Employment (IPE). [ECF Doc. No. 41-2]

The permanent judicial record—specifically the unsealed TWC internal case notes [ECF No. 35-9, Exhibit T]—explicitly documents active, inter-agency coordination between TWC-VR and TXST administration in executing the May 20, 2026, armed housing eviction and issuance of Criminal Trespass Warning (CTW) [ECF Doc. No. 16] administrative action. Because Defendant TWC and TXST

operated as an integrated state apparatus to effectuate the deprivations at issue, Defendant retains the legal authority and obligation to demand preservation of these records.

Furthermore, the duty to preserve is independently binding upon TXST personnel under the doctrine of anticipated litigation. On September 3, 2026, Plaintiff served formal preservation demands to TXST executive leadership and academic faculty, explicitly notifying them that an Amended Complaint is actively being finalized to join specific university personnel to this action in their individual capacities. This formal notice legally triggers TXST's preservation obligations as anticipated co-defendants, irrespective of TWC's direct control.

### B. Documented Withholding and Imminent Spoliation

Access to this evidentiary repository is currently being deliberately withheld from Plaintiff by TXST personnel. The deliberate withholding of these records has been formally registered across active state and federal oversight dockets, including a U.S. Department of Education FERPA Complaint filed with the Student Privacy Policy Office on April 21, 2026, and Texas Attorney General Open Records Division

Complaints (Service Request Nos. OR-26-020255-IC and OR-26-020271-IC).

An immediate, proven threat of spoliation exists. Plaintiff has issued a continuous series of formal, docketed Litigation Hold directives—including formal preservation notices served on May 23, 2026, June 17, 2026, and August 29, 2026, docketed at [ECF Doc. No. 34-6, Exhibit E], [ECF Doc. No. 35-2, Exhibit M] and [ECF Doc. No. 41-3, Exhibit C]—demanding the strict preservation of Plaintiff's physical vocational, educational and evidentiary assets. Defendant and its agents deliberately ignored these repeated federal notices and executed the permanent destruction of Plaintiff's 323-item property inventory.

Because TXST leadership has demonstrated a willingness to ignore formal preservation demands and destroy physical evidence during active litigation, there is a severe and established risk that Defendant and its agents will utilize automated retention policies, administrative lockouts, or deliberate digital wiping to permanently destroy these 1,132 academic files before the federal discovery phase commences.

## II. MANDATORY DUTY TO PRESERVE AND LEGAL AUTHORITY

Under **Federal Rule of Civil Procedure 37(e)**, a mandatory duty to preserve electronically stored information (ESI) arises when a party knows or should reasonably know that the evidence may be relevant to pending or future litigation.

Defendant has been on formal, documented notice of this federal litigation since the filing of the verified complaint on May 4, 2026. Furthermore, on September 3, 2026, Plaintiff served specific, tailored preservation demands to the following TXST departments and personnel, clearly identifying the digital records they are legally mandated to preserve:

- **Office of the General Counsel:** Kara Holsinger, Vice Chancellor Nelly R. Herrera, and all data associated with the arbitrarily closed public information requests TXST ORR 26-280, 26-362, and 26-372, including all processing logs, withheld documents, internal communications, and exemption artifacts.
- **Office of Equal Opportunity (OEO):** AVP Alexandria Hatcher, Deputy Title IX Coordinator Sabrina Rodriguez, and all substantive internal communications regarding disability accommodations and active civil rights complaints. This mandate explicitly includes all raw

interview notes, draft iterations of the final OEO report, internal communications regarding the investigation's closure, and all system metadata.

- **Office of Disability Services (ODS):** Director Gavin Steiger and all data housed within the university's primary disability email alias.
- **Accessibility Compliance:** Evan Pickrel and Mikayla Gottlob, specifically regarding TAC § 213 and EIRAC accessibility failures.
- **Academic Faculty (College of Science and Engineering):** Dr. Cecil R. Compeau, Dr. Semih Aslan, Dr. Jesus A. Jimenez, Dr. Barrett Bryant, Dr. Randall S. Klepetko, and Dr. Chad Booth. This mandate explicitly includes all Canvas LMS server logs, digital and physical grading rubrics, raw assignment scores, and all intra-departmental communications regarding disability accommodations or the Plaintiff's academic status.

## III. DEMAND FOR IMMEDIATE DIGITAL FREEZE

Plaintiff demands the immediate execution of the following preservation protocols to mitigate further evidentiary spoliation liability:

### A. Immediate Litigation Hold:

Defendant must instantly issue a formal, written litigation hold directive to TXST IT Services and university administration. This directive must mandate the immediate suspension of all automated deletion, overwriting, archiving, or profile-purging protocols affecting Plaintiff's academic accounts and Spring 2026 course data.

**B. Metadata Preservation:**

All 1,132 academic files, including specific EE 2300 submissions, grading rubrics, and internal faculty/OEO communication logs, must be preserved in their native digital format. This preservation must be completely intact with all associated metadata, including creation dates, access logs, modification histories, and the user IDs of any TXST personnel who accessed or altered the files.

**C. Prohibition of Alteration:**

Any manual or automated alteration, transfer, encryption, or deletion of these 1,132 files will be prosecuted on the federal docket as intentional spoliation of evidence designed to defraud the United States District Court.

## IV. NOTICE OF CONSEQUENCES

Failure to immediately implement this digital freeze and secure the 1,132 files will result in Plaintiff seeking severe judicial sanctions under FRCP

37(e). These sanctions include, but are not limited to, adverse inference jury instructions, the striking of Defendant's responsive pleadings, and the assessment of direct financial penalties against the individual state and university actors responsible for the digital destruction.

Respectfully submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, Pro Se
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: September 25, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, a true and correct copy of the foregoing was served upon the Respondents via Electronic Mail as follows:

**[Yet to appear] Counsel for Defendants (TWC, Marler, Pickney):**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: 737-230-4700
Email: elizabeth.bryan@oag.texas.gov

Additionally, to satisfy the "actual notice" requirements of Fed. R. Civ. P. 65(d)(2)(C) and legally bind non-parties acting in active concert and participation with the Defendants, a true and correct copy of this filing has been served via direct electronic mail transmission to the following university administrators and legal officers:

**Office of the General Counsel**
Texas State University System (TSUS)
O. Henry Hall
601 Colorado Street
Austin, TX 78701-2904
Phone: (512) 463-1808
Email: tsusgencoun@txstate.edu

**Kara Holsinger**
Public Information Coordinator
The Texas State University System (TSUS)
601 University Drive J.C. Kellam Suite 1040
San Marcos, TX 78666
**Phone:** 512.245.8115
**Email:** kara.holsinger@tsus.edu

Respectfully Submitted,

*/s/ Mark L. Short*

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
GENERAL DELIVERY
Texas City, TX 77590-9999
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: September 25, 2026