**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MARK L. SHORT,<br>*Plaintiff*,<br><br>v.<br><br>TEXAS WORKFORCE COMMISSION;<br>NAKIA BRYANT, MICHAEL MARLER, and TANISHA PICKNEY in their official and individual capacities;<br>TEXAS STATE UNIVERSITY;<br>KELLY DAMPHOUSSE in his official capacity; and<br>CECIL RICHARD COMPEAU JR. and KATE GANNON-CULLINAN in their individual capacities,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:26-cv-1174-ADA-DH |

---

**TWC DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendants Texas Workforce Commission ("TWC"), Nakia Bryant, Michael Marler, and Tanisha Pickney (collectively, "TWC Defendants") respectfully file this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff Mark L. Short is a customer of TWC's vocational rehabilitation ("VR") services. VR services are services "that [TWC] determines are necessary to compensate an individual with

a disability for a substantial impediment to employment so that the individual may engage in a remunerative occupation." Tex. Lab. Code § 352.001(10).

Pursuant to Plaintiff's individualized plan for employment ("IPE"), TWC is authorized to provide Plaintiff with services aimed at supporting his education at Texas State University ("Texas State"). ECF 53 at ¶¶ 10, 32, 81. Notably, Plaintiff's IPE is still active, although he is not currently enrolled at Texas State. ECF 53 at ¶¶ 32, 81. Plaintiff has been informed that TWC cannot authorize VR services while a customer is not actively working towards a goal at which their IPE is directed. ECF 53 ¶ 81; ECF 42-1 at 3. Accordingly, TWC cannot authorize supportive services, such as funding to transport Plaintiff's items, while he is not enrolled at Texas State. ECF 53 ¶ 81.

Dissatisfied with the administration of his VR services, Plaintiff filed suit against TWC, VR Field Services Delivery Director Michael Marler, and VR counselor Tanisha Pickney. Those defendants moved to dismiss Plaintiff's suit in its entirety on October 9, 2026.

On October 30, 2026, Plaintiff filed his First Amended Complaint, adding VR Supervisor Nakia Bryant to this suit. ECF 53. As relevant here, Plaintiff now brings the following:

1. claims for deliberate indifference in violation of Title II of the Americans with Disabilities Act ("ADA")[1] and § 504 of the Rehabilitation Act ("Rehabilitation Act")[2] against TWC;

2. claims for retaliation in violation of Title II of the ADA and Rehabilitation Act against TWC;

3. 42 U.S.C. § 1983 claims against Bryant, Marler, and Pickney in their individual capacities for alleged violations of the First Amendment;

---

[1] 42 U.S.C. § 12131 et seq.
[2] 29 U.S.C. § 794.

4. § 1983 claims against Bryant and Marler in their individual capacities for alleged violations of the Fourth Amendment; and

5. a claim under the *Ex parte Young* doctrine against Bryant for alleged violations of the Workforce Innovation and Opportunity Act ("WIOA").[3]

Defendants now move to dismiss Plaintiff's claims, as:

1. Plaintiff lacks standing;
2. Sovereign immunity bars Plaintiff's ADA claim;
3. Bryant, Marler, and Pickney are entitled to qualified immunity in their individual capacities; and
4. Plaintiff fails to state any relief upon which relief can be granted.

## STANDARD OF REVIEW

A claim must be dismissed under Rule 12(b)(1) if the court lacks subject matter jurisdiction over a plaintiff's claim or under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief may be granted. Motions to dismiss made under Rule 12(b)(1) and Rule 12(b)(6) are analyzed under the same standard. *See Home Builders Assoc. of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion to dismiss, courts construe the complaint in the light most favorable to the plaintiff and accept well-pleaded facts as true. *Porch.com v. Gallagher Re, Inc.*, 172 F.4th 443, 447 (5th Cir. 2026). Nevertheless, to avoid dismissal under either rule, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

[3] 29 U.S.C. §§ 3101 *et seq.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Similarly, threadbare recitals of the elements of a cause of action and naked assertions devoid of further factual enhancement will not suffice to state a claim for relief. *See Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (citing *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). Accordingly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's suit should be dismissed under Rule 12(b)(1).

Plaintiff fails to meet his burden of establishing the Court's subject matter jurisdiction over his claims. As explained below, he lacks standing to bring his claims against the TWC Defendants, and his ADA claim is barred by sovereign immunity.

#### A. Plaintiff lacks standing to bring his claims against the TWC Defendants.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). A plaintiff seeking to establish standing must show they suffered an "injury-in-fact" that is "fairly traceable" to the defendant's actions and that the injury will "likely . . . be addressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). All three elements are an "indispensable part of the plaintiff's case" and must be established by the party seeking to invoke jurisdiction. *Id*.

Here, Plaintiff does not sufficiently allege what injuries he has suffered nor provide facts demonstrating that these alleged injuries are traceable to the TWC Defendants. First, Plaintiff alleges that TWC failed to accommodate him by failing to provide him "meaningful access to his own administrative records." ECF 53 ¶ 99. Plaintiff fails to identify what "meaningful" access is, why his receipt of "image-only" PDFs denies him "meaningful" access, or how this alleged lack of access harms him.

Second, Plaintiff alleges that he faced a "retaliatory downgrade" in his VR services, but, as more fully elaborated below, his allegations demonstrate that he faced no "downgrade" and is still eligible to receive VR services. ECF 53 ¶ 104; ECF 11-2 at 2. Third, Plaintiff alleges that Marler and Bryant can be held liable for the "unreasonable seizure" of his items, but he pleads no facts that lead to the plausible inference that the alleged seizure of his property is traceable to the actions of Marler or Bryant.

Finally, Plaintiff alleges that he faces an injury because he is not currently receiving particular VR services that he wants. ECF 53 ¶¶ 122-123. Yet, Plaintiff's IPE is active, and he is eligible to receive VR benefits should he demonstrate that he is pursuing a goal outlined in his IPE. ECF 53 ¶¶ 32, 83; ECF 42-1 at 1-4. Therefore, any pause in the administration of Plaintiff's VR services is traceable to his own conduct rather than that of the TWC defendants. ECF 53 ¶ 83; ECF 42-1 at 3. Accordingly, Plaintiff fails to allege facts sufficient to demonstrate that he has standing to sue the TWC Defendants.

**B. Sovereign immunity bars Plaintiff's ADA claim.**

A federal court's jurisdiction "is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies." *Vogt v. Bd. of Comm'rs of the Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). The Eleventh Amendment bars individuals from suing a state in

federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *See* U.S. Const. amend. XI; *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

Eleventh Amendment sovereign immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *See Perez*, 307 F.3d at 326. TWC is a Texas agency that enjoys sovereign immunity from suit. *Salinas v. Tex. Workforce Comm'n,* 573 F. App'x 370, 372 (5th Cir. 2014).

In determining whether a Title II ADA claim is one for which immunity has been waived, the Court must first determine whether the plaintiff has pleaded a viable Title II claim.[4] *See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam). If they have, the Court must determine, on a "claim-by-claim basis":

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*United States v. Georgia*, 546 U.S. 151, 159 (2006). Plaintiff's ADA claims are barred by sovereign immunity because, as elaborated further below, he fails to state any ADA claim.

Even if he had, however, Plaintiff pleads no Fourteenth Amendment violation, and he fails to adequately demonstrate that Congress waived Texas's immunity as to the class of conduct he

---

[4] Plaintiff brings both a Title II ADA claim and an ADA retaliation claim. "[A] plaintiff may bring a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 619 (5th Cir. 2020). Plaintiff's ADA retaliation claim is therefore barred by sovereign immunity because his underlying Title II claim is barred by immunity.

complains of. Consequently, Plaintiff's ADA claims are barred by sovereign immunity and should be dismissed.

## II. Plaintiff's suit should be dismissed under Rule 12(b)(6).

Plaintiff fails to plead any claim upon which the Court can grant relief. As demonstrated below, Plaintiff fails to allege specific facts sufficient to overcome Bryant, Marler, or Pickney's qualified immunity or that would render it plausible (1) that TWC would be liable for violations of the ADA or the Rehabilitation Act, (2) that Bryant, Marler, or Pickney would be liable for constitutional violations under § 1983, nor (3) that Bryant would be liable for violations of the WIOA.

### A. Bryant, Marler, and Pickney are entitled to qualified immunity in their individual capacities.

Individual capacity defendants may raise qualified immunity in a motion to dismiss for failure to state a claim. *See, e.g., Anderson v. Valdez*, 845 F.3d 580, 588-89 (5th Cir. 2016); *see also Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). Under well-established precedent, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Barber v. Rounds*, 169 F.4th 577, 581 (5th Cir. 2026) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

"A plaintiff can overcome [qualified immunity] by showing (1) 'that the official violated a statutory or constitutional right' and (2) that 'the right was clearly established at the time of the challenged conduct.'" *Stramaski v. Lawley*, 44 F.4th 318, 328 (5th Cir. 2022) (quoting *Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020)).

As TWC employees, Bryant, Marler, and Pickney are entitled to qualified immunity. They plead their entitlement to that immunity and assert that they performed all discretionary duties and acted in good faith at all times relevant to this lawsuit.

Consequently, Plaintiff bears the burden of establishing that Bryant, Marler, and Pickney are not entitled to qualified immunity. Plaintiff has not overcome that immunity here, as he alleges no facts demonstrating that Bryant, Marler, or Pickney deprived him of his rights, nor that they knew or believed their actions would deprive him of his rights.

Plaintiff's individual-capacity § 1983 claim against Bryant, Marler, and Pickney should be dismissed.

**B. Plaintiff fails to state a failure-to-accommodate claim under the ADA or the Rehabilitation Act.**

Plaintiff seems to bring a failure-to-accommodate claim under both the ADA and Rehabilitation Act as he alleges that TWC did not provide him "meaningful access" to certain records. ECF 53 ¶ 99. This allegation does not amount to a plausible failure-to-accommodate claim.

Given the similarities between the two, the Fifth Circuit generally equates the liability standards under the Rehabilitation Act and the ADA. *See J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023). "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith v. Harris*

*Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (quotation omitted). A reasonable accommodation must "give meaningful access to the benefit" the plaintiff alleges they were denied. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 725 (5th Cir. 2020).

A failure-to-accommodate plaintiff bears the burden of demonstrating they requested an accommodation in "direct and specific" terms. *Windham v. Harris Cnty*, 875 F.3d 229, 237 (5th Cir. 2017). "When a plaintiff fails to request an accommodation in this manner, he can prevail only by showing that 'the disability, resulting limitation, and necessary reasonable accommodation' were 'open, obvious, and apparent' to the entity's relevant agents.'" *Id.* Mere knowledge of a disability does not render a defendant liable, as "knowledge of a disability is different from knowledge of the resulting limitation. And it certainly is different from knowledge of the necessary accommodation." *Id.* at 238 (5th Cir. 2017).

Regarding his failure to accommodate claim against TWC, Plaintiff alleges that TWC used "a natively inaccessible case management system to transmit image-only, non-text-searchable . . . PDFs." ECF 53 ¶ 99. Plaintiff fails to allege what, if any, accommodation he requested the TWC provide to assist him in "accessing his own administrative records" or why such accommodation was needed. ECF 53 ¶ 128. Accordingly, Plaintiff fails to plausibly allege any failure-to-accommodate claim.

**C. Plaintiff fails to state a retaliation claim.**

Like failure-to-accommodate claims, Retaliation claims under the ADA and Rehabilitation Act are analyzed under the same standard. *See January v. City of Huntsville*, 74 F.4th 646, 652-53 (5th Cir. 2023). To plead a retaliation claim, a plaintiff must allege that (1) they engaged in a protected activity, (2) they suffered an adverse action, and (3) there is a causal connection between

the protected activity and the adverse action. *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020).

Here, Plaintiff alleges no facts demonstrating that he was retaliated against as he alleges no adverse action, and, even if he did, he does not establish a causal connection. Plaintiff alleges that his eligibility for TWC services as a blind and/or visually impaired ("BVI") individual was changed in an "arbitrary" manner and "without medical justification" in retaliation for his request for a due process hearing, but his eligibility for BVI services was a concern before he requested the hearing. ECF 53 ¶ 104. In February 2026, Pickney, Plaintiff's VR counselor at the time, was concerned that Plaintiff did not meet the requirements for the VR's particular BVI program, although she intended to address Plaintiff's eligibility with him only after he completed an updated eye examination. ECF 53 ¶ 57; ECF 11-4 at 1.

Plaintiff requested a due process hearing in March 2026. ECF 53 ¶ 103. One week later, Pickney informed Plaintiff that "based on the information" from his most recent eye exam, he did not "meet the specific requirements for" TWC's BVI program. ECF 11-4 at 2. Specifically, Plaintiff did not meet BVI criteria because there were no restrictions in his visual field, which is a "key requirement for the BVI program," and the only treatment recommended to treat Plaintiff's visual loss was glasses. ECF 11-4 at 2.

Moreover, Plaintiff's characterization of his transfer from VR's BVI program to its general program as a "downgrade" in services is conclusory. ECF 53 ¶ 104. Indeed, Plaintiff's VR case was merely "transferred to a general caseload," meaning he would "continue to receive assistance and support, just not specifically through the BVI program." ECF 11-2 at 2. Therefore, not only was the transfer of Plaintiff's VR case not an adverse action, it was not caused by his request for a due process hearing.

Accordingly, Plaintiff's retaliation claims should be dismissed.

**D. Plaintiff fails to state a First Amendment retaliation claim.**

To allege a first amendment retaliation claim, a plaintiff must allege that (1) they were engaged in constitutionally protected activity, (2) the defendant's actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *See Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Plaintiff's allegations that the TWC Defendants "manipulated his eligibility records, withheld mandated administrative Notices of Decision to prevent legal escalation, and initiated the 'Zombie IPE' contract starvation protocols" fare no better than his allegations that the transfer of his case was retaliatory. ECF 53 ¶ 109. First, Plaintiff provides no allegation to support his conclusion that he was transferred from the BVI program to the general program based on "manipulated" records, and, as demonstrated above, this transfer was neither a harm nor caused by anything other than the results of Plaintiff's eye exam. Second, Plaintiff provides no details regarding the alleged withholding of a Notice of Decision that would permit the Court to grant relief for a claim based thereon.

Finally, Plaintiff's allegation that "TWC utilized a fabricated administrative paradox to starve the contract" is unsupported. Plaintiff was informed that he was not actively receiving VR services because the authorization of services — including supportive services such as funding to transport Plaintiff's items — was dependent on his active participation in the primary services designated under his IPE, which revolve around his education at Texas State — which he has not been actively pursuing. ECF 53 ¶¶ 10, 32, 70, 81, 83; ECF 42-1 at 1-4. And because Plaintiff's IPE is aimed at furthering his education at Texas State, he would be required to modify his IPE to receive VR services that did not further his pursuit of education at Texas State. ECF 53 ¶ 83; ECF

42-1 at 1-4. Therefore, Plaintiff's allegations do not demonstrate that TWC personnel were engaged in a conspiracy to deprive him of his rights, but that they were complying with their statutory duties in administering Plaintiff's VR services. ECF 42-1 at 1-4.

Plaintiff's First Amendment claim should be dismissed.

**E. Plaintiff fails to state a Fourth Amendment claim.**

Plaintiff does not allege that any of the TWC Defendants seized any of his property, but rather that TWC "ratified" actions by Texas State that Plaintiff alleges violated the Fourth Amendment. Significantly, "a defendant cannot be held liable under § 1983 on a theory of vicarious liability." *Back v. Tex. Dep't of Criminal Justice Corr. Insts. Div.*, 716 F. App'x 255, 259 (5th Cir. 2017). As Plaintiff does not allege any facts demonstrating that any of the TWC Defendants took steps that would violate his Fourth Amendment rights, Plaintiff's Fourth Amendment claim should be dismissed.

**F. Plaintiff fails to state a claim for violation of the WIOA.**

Plaintiff alleges that Bryant is violating the WIOA because Plaintiff is not currently receiving certain VR services. As explained above, Plaintiff is aware that VR cannot currently provide services under his active IPE as he is no longer pursuing the educational goal that IPE is aimed at supporting — his education at Texas State. . ECF 53 ¶¶ 10, 32, 70, 81, 83; ECF 42-1 at 1-4. This does not amount to a "suspension, reduction, or termination" of VR services in violation of 34 C.F.R. § 361.57(b)(4) (which Plaintiff refers to as a stay-put provision). Indeed, Plaintiff's IPE is active, and he is aware that he may receive VR services by demonstrating that he is pursuing the goal his active IPE is designed to support or by modifying his IPE to reflect a new goal. ECF 53 ¶¶ 32, 83; ECF 42-1 at 1-4.

Plaintiff therefore fails to allege any ongoing violation of the WIOA.

## CONCLUSION

Plaintiff has not carried his burden of demonstrating that this Court has subject matter jurisdiction over his claims or of pleading allegations that would demonstrate his entitlement to relief. Accordingly, Plaintiff's action should be dismissed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief for General Litigation Division

*/s/ Elizabeth Bryan*
**ELIZABETH BRYAN**
Texas Bar No. 24148839
Assistant Attorney General
General Litigation Division
The Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 230-4700
FAX: (512) 320-0667
elizabeth.bryan@oag.texas.gov
***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I certify that this document was served upon Plaintiff via email and the Court's CM/ECF system on November 13, 2026.

*/s/ Elizabeth Bryan*
**ELIZABETH BRYAN**
Assistant Attorney General