**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARK L. SHORT,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS WORKFORCE COMMISSION,**<br><br>**TEXAS STATE UNIVERSITY,**<br><br>**DR. KELLY DAMPHOUSSE,** in his official capacity as President of TXST,<br><br>**DR. CECIL RICHARD COMPEAU JR.**, in his individual capacity,<br><br>**MICHAEL MARLER,** in his official capacity as Interim Deputy Regional Director and individual capacity,<br><br>**TANISHA PICKNEY,** in her official capacity as Vocational Rehabilitation Counselor and individual capacity,<br><br>**NAKIA BRYANT**, in her official capacity as Vocational Rehabilitation Supervisor and individual capacity,<br><br>**KATE GANNON-CULLINAN**, in her individual capacity,<br><br>Defendants. | Civil Action No: 1:26-cv-01174-ADA-DH |

# <u>OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF DOC. NO. 65]</u>

## TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff Mark L. Short, proceeding *pro se*, submits these specific written objections to the Report and Recommendation entered by the United States Magistrate Judge on November 20, 2026. [ECF Doc. No. 65]

## THRESHOLD POSTURE AND STANDARD OF REVIEW

- **Mandatory *De Novo* Review:** Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the District Judge must conduct a *de novo* determination of every portion of the Report and Recommendation to which a specific written objection is made. Plaintiff identifies each contested factual finding, procedural omission, and legal conclusion below pursuant to *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987), to secure mandatory *de novo* review and preserve full appellate review under *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

- **Preservation of Granted Relief:** Plaintiff does **not** object to the Order granting Plaintiff's Motion for Leave to File Exhibits [ECF Doc. No. 35] and Motion to Supplement [ECF Doc. No. 42]. Every exhibit attached to those filings—including TWC's internal inter-agency case notes [ECF Doc. No. 35-9] and the State's property inventory and spoliation ledger [ECF Doc. No. 42-2]—is admitted into the record for *de novo* review.

- **Concise Incorporation of Prior Administrative Record:** To respect page limits

and avoid unnecessary repetition, Plaintiff incorporates by reference the federal oversight directives and administrative compliance exhibits previously briefed in [ECF Doc. No. 36-1], focusing these Objections on the specific factual, procedural, and legal errors unique to [ECF Doc. No. 65].

## I. OBJECTION 1: IMPROPER DEFAULT ADOPTION OF UNVERIFIED DEFENSE ASSERTIONS, OMISSION OF PLAINTIFF'S REPLY [ECF Doc. No. 51], AND MATERIAL FACTUAL ERRORS [ECF Doc. No. 65 at pp.1–5]

Although the Report grants Plaintiff's motions to supplement [ECF Doc. Nos. 35, 42] and states that those filings were considered [ECF Doc. No. 65 at p.1], the Report relies directly on the TWC Defendants' unsworn Response in Opposition [ECF Doc. No. 50 at pp.2–3] and isolated agency letters [ECF Doc. No. 34-9 at p.2] and [ECF Doc. No. 42-1 at p.2]—while never once citing or addressing Plaintiff's timely Reply [ECF Doc. No. 51] filed the same day, October 23, 2026.

Unsworn representations of counsel in a response brief are not competent evidence. Adopting Defendants' contested narrative at face value while omitting Plaintiff's Reply and leaving contradictory State-authored records unaddressed constitutes reversible error requiring independent *de novo* verification under 28 U.S.C. § 636(b)(1)(C):

| Unverified Framing Adopted in [ECF Doc. No. 65] | Contradicting State-Authored Record | Docket Reference |
|---|---|---|
| "Short's housing contract with Texas State expired." [ECF Doc. No. 65 at p.2] | TXST confirmed Plaintiff's signed summer housing contract on May 13, 2026, voided it on May 14, executed an armed campus police lockout on May 20, and accepted TWC-VR's $9,382.58 housing payment on May 22—48 hours after the lockout. | [ECF Doc. Nos. 16, 34-3] |
| TWC declined transit because "Short was no longer a participant in its services." [ECF Doc. No. 65 at pp.2–3] | AAG Elizabeth Bryan admitted in writing on July 16, 2026, that Plaintiff's IPE "remains open and valid"; TWC disbursed $9,382.58 on May 22; and TWC's certified November 16, 2026, RSA-911 data extract refutes its non-enrollment defense. | [ECF Doc. Nos. 23-1, 34-3, 64-2] |
| "Funding vocational rehabilitation services alone" is shown; TWC and TXST are "independently managed." [ECF Doc. No. 65 at p.5] (citing [ECF Doc. No. 50 at pp.2–3]) | TWC's March 6, 2026, internal case notes document back-channel coordination with TXST ODS Director Gavin Steiger, declaring an intent to "let the school deal with it"; TXST directly invoiced TWC-VR; and AAG Bryan admitted the IPE was "designed specifically" for TXST. | [ECF Doc. Nos. 23-1, 34-2, 34-3, 35-9] |
| Treats seized items generically without distinguishing ownership or statutory transit duties [ECF Doc. No. 65 at pp.2–5]. | The State's own 323-row inventory manifest confirms over 99% of the seized property is privately owned and self-funded. | [ECF Doc. No. 42-2] |

Plaintiff specifically objects to each underlying factual error reflected above:

- **Erroneous "Contract Expiration" Premise [ECF Doc. No. 65 at p.2]:** Describing the displacement as a routine contract expiration omits that TXST voided a confirmed summer contract on May 14 and executed a campus police lockout on May 20—two days before TWC-VR's delayed $9,382.58 housing disbursement cleared TXST's account. [ECF Doc. No. 34-3]

- **Refuted "Non-Participant" Assertion [ECF Doc. No. 65 at pp.2–3]**: Relying on TWC's unilateral assertion in [ECF Doc. No. 42-1 at p.2] ignores AAG Bryan's July 16 written admission that the IPE "remains open and valid" [ECF Doc. No. 23-1], the May 22 housing payment [ECF Doc. No. 34-3], and TWC's own certified federal RSA-911 extract produced on November 16, 2026. [ECF Doc. No. 64-2]

- **Omission of Private Ownership [ECF Doc. No. 65 at pp.2–5]:** Under the admitted 323-row inventory manifest [ECF Doc. No. 42-2], over 99% of the seized and partially destroyed property is privately owned—including self-funded Blind/Visually Impaired ("BVI") assistive technology (dual 42-inch LED monitors, specialized stands, docking station and other hardware), cataloged prescription medications, five pairs of backup corrective eyewear, earned military medals, decades of federal tax and retirement records, software engineering work product, and Plaintiff's deceased mother's wedding and death certificates.

## II. OBJECTION 2: LEGAL ERROR IN BYPASSING TWC'S INDEPENDENT FEDERAL STATUTORY DUTY TO FUND TRANSIT [ECF Doc. No. 65 at pp.4–6]

Plaintiff objects to the Report's dispositive premise [ECF Doc. No. 65 at pp.4–6] that relief against the TWC Defendants fails because TWC does not physically possess the property held by the Texas State University Police Department ("UPD"). That holding completely bypasses TWC-VR's independent federal statutory funding duty:

- **Supportive Services Independent of University Enrollment:** Under 29 U.S.C. § 723(a)(7)–(8), 34 C.F.R. §§ 361.48(b)(7)–(8), 361.5(c)(34) [1], (56) [2], 40 Tex. Admin. Code § 856.47, and TWC VRSM Part C, Chs. 2.1 & 16.4, vocational rehabilitation maintenance and transportation are supportive services made available in connection with any authorized vocational rehabilitation service or IPE activity needed to achieve an employment outcome—including recovering the BVI assistive technology and vocational tools necessary to resume IPE participation. None of those provisions conditions transportation or supportive services on active enrollment at TXST.

---

[1] Maintenance means monetary support provided to an individual for expenses, such as food, shelter, and clothing, that are in excess of the normal expenses of the individual and that are necessitated by the individual's participation in an assessment for determining eligibility and vocational rehabilitation needs or the individual's receipt of vocational rehabilitation services under an individualized plan for employment.

[2] Transportation means travel and related expenses that are necessary to enable an applicant or eligible individual to participate in a vocational rehabilitation service, including expenses for training in the use of public transportation vehicles and systems.

- **Federally Approved State Plan Mandate:** Under the Texas WIOA Combined State Plan (Program Years 2024–2027) (TWC Comm'n Meeting Material, Nov. 21, 2023, Item 11b, at p. 99; incorporated via [ECF Doc. No. 36-1 at pp.5–6 & n.2]), TWC's Division of Fraud Deterrence and Compliance Monitoring ("FDCM") is tasked with administering and enforcing WIOA and the Texas Education Code, monitoring the "effectiveness, efficiency, economy, and integrity of TWC's programs and operations, including those performed by its contractors and grantees," and ensuring "equal opportunity (EO) and equity of access to all services by monitoring and enforcing TWC's compliance with federal EO laws and regulations."

- **Physical Custody Is Irrelevant to a Funding Obligation:** Plaintiff is a blind/visually impaired (BVI) litigant, unable to drive, with an inoperable ruptured Achilles tendon (requiring a leg brace), displaced 210 miles from San Marcos, rendering unassisted physical retrieval impossible. Ordering TWC-VR to authorize and fund insured freight transit enforces TWC's own direct federal statutory obligation. It does not require TWC to have physical custody of UPD's storage facility or common-law agency control over TXST, **only to conform with its own statutory mandate**.

Recommending denial of transit relief solely because TWC lacks physical possession commits legal error by failing to adjudicate TWC's independent statutory mandate.

## III. OBJECTION 3: LEGAL ERROR IN APPLYING STATE COMMERCIAL AGENCY LAW (*AIR TROPIQUES*) TO A FEDERAL VR VENDOR NEXUS [ECF Doc. No. 65 at p.5]

Plaintiff objects to the Report's reliance on Texas private commercial agency law (*Air Tropiques, Sprl v. N. & W. Ins. Co.*, No. CIV.A. H-13-1438, 2014 WL 1323046, at *15 (S.D. Tex. Mar. 31, 2014)) and its finding that Plaintiff showed only "funding vocational rehabilitation services alone." [ECF Doc. No. 65 at p.5]

- **Wrong Governing Standard:** The relationship between a designated state VR unit and its funded educational vendor is governed by federal non-delegable administrative oversight duties under 34 C.F.R. § 361.13(c)(1), the U.S. Department of Education's FFY 2026 Monitoring and Technical Assistance Guide ("MTAG"), and the Texas WIOA Combined State Plan—not private commercial principal-agent standards.

- **Overlooked Record Evidence of Active Coordination:** The Report disregarded admitted exhibits in [ECF Doc. Nos. 35, 42] demonstrating active inter-agency coordination beyond passive funding:

    - March 6, 2026, TWC internal case notes [ECF Doc. No. 35-9] documenting back-channel communications between VRC Tanisha Pickney, TWC staff member Chris Fink, and TXST Office of Disability Services Director Gavin Steiger, in which TWC staff explicitly declared an intent to "let the school deal with it" regarding assistive technology and memorialized disparaging remarks about Plaintiff.

- Direct vendor billing between TXST and TWC-VR. [ECF Doc. Nos. 34-2, 34-3]

- AAG Bryan's July 16, 2026, written admission that Plaintiff's IPE was "designed specifically to support your attendance and degree completion at Texas State University." [ECF Doc. No. 23-1]

## IV. OBJECTION 4: LEGAL AND PROCEDURAL ERROR IN MISCHARACTERIZING CIVIL EQUITABLE RELIEF AND IMPOSING AN UNLAWFUL IFP BOND BARRIER [ECF Doc. No. 65 at pp.3–4]

Plaintiff objects to the Report's procedural rejection of [ECF Doc. Nos. 34, 37] as "incorrectly labeled motions." [ECF Doc. No. 65 at pp.3–4]

### 1. Mischaracterization of [ECF Doc. No. 34] Under Criminal Rule 41(g)

The Report treated Plaintiff's civil Motion for Sanctions and Return of Seized Property [ECF Doc. No. 34] as an improper criminal motion under Fed. R. Crim. P. 41(g), citing *United States v. Travalino* and *United States v. Approximately Two Hundred Twenty-Two (222) Firearms.* [ECF Doc. No. 65 at pp.3–4]

Under the liberal construction owed to *pro se* pleadings (*Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)), [ECF Doc. No. 34] sought civil equitable relief, inherent spoliation sanctions, and enforcement of federal disability transit mandates—not criminal forfeiture procedure.

### 2. Rule 64 Replevin, Indigency Under 28 U.S.C. § 1915, and Undisputed Ownership

Federal Rule of Civil Procedure 64 explicitly authorizes civil replevin and state-law equivalents (including sequestration) in federal civil actions. The Report rejected Plaintiff's Emergency Motion for Writ of Replevin [ECF Doc. No. 37] under *Acord v. Young Again Prods., Inc.* and *Simmonds v. TDCJ* because Plaintiff did not post a security bond and because ownership of the property is undisputed [ECF Doc. No. 65 at p.4]. Both grounds fail on this record:

- **Prohibitive IFP Bond Barrier**: On August 11, 2026—99 days after Plaintiff filed his May 4, 2026, application [ECF Doc. No. 3]—this Court granted Plaintiff leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. [ECF Doc. No. 30] Requiring an indigent, disabled litigant—stripped of his personal and vocational assets by state actors—to post a commercial security bond to recover his own property operates as a prohibitive financial bar to courthouse relief.

- **Undisputed Ownership Cuts For Recovery, Not Against It**: A replevin security bond exists to indemnify a defendant in case the court later determines the defendant owns the disputed property. Conceding that ownership is undisputed [ECF Doc. No. 65 at p.4] eliminates the very risk a security bond insures against and confirms Defendants hold zero ownership interest in Plaintiff's private property.

## V. OBJECTION 5: STRUCTURAL OMISSION OF JOINED CUSTODIAL DEFENDANTS [ECF Doc. No. 65 at pp.2, 5–6]

Plaintiff objects to the Report's recommendation of flat denial without accounting for the joined custodial parties in Plaintiff's Amended Complaint. [ECF Doc. No. 53]

- **Actual Custodians Were Already Served Before [ECF Doc. No. 65] Was Entered:** The Report cites Plaintiff's First Amended Complaint [ECF Doc. No. 53] [ECF Doc. No. 65 at p.2], which formally joins Texas State University, Dr. Kelly Damphousse, Dr. Cecil Richard Compeau Jr., and DHRL Director Kate Gannon-Cullinan as Defendants. Crucially, the docket confirms those custodial Defendants were not merely unserved names in a caption: executed summons returns filed on November 12, 2026 [ECF Doc. No. 61] establish that all four TXST Defendants were formally served on November 10, 2026—ten days before [ECF Doc. No. 65] was signed—with Answers due December 1, 2026.

  Recommending flat denial of property-recovery and spoliation relief solely because the TWC Defendants lack physical custody [ECF Doc. No. 65 at pp.5–6], while ignoring that the actual custodians are already served parties subject to this Court's jurisdiction (Summons returned executed) [ECF Doc. No. 61], is clear error.

- **Complete Omission of Pending Preservation Motion [ECF Doc. No. 41]:** On September 8, 2026, Plaintiff filed an Emergency Motion for a Preservation Order and Execution of Writ of Replevin [ECF Doc. No. 41] attaching six substantive exhibits—including Plaintiff's November 4, 2025, IPE [ECF Doc. No. 41-2], Plaintiff's September 1, 2026, Request for TWC-VR Transition Services [ECF Doc. No. 41-4], and TWC-VR's September 4, 2026, Constructive Denial [ECF Doc. No. 41-5]. Although the TWC Defendants expressly opposed [ECF Doc. No. 41] in their October 23 Response [ECF Doc. No. 50], the Report neither lists [ECF Doc. No. 41] as before the Court nor adjudicates it [ECF Doc. No. 65 at pp.1, 6–7]. The Court must clarify on *de novo* review that [ECF Doc. No. 41] remains pending and

unadjudicated, and that any denial as to TWC's non-possession is expressly without prejudice to immediate relief against the served TXST Defendants.

## VI. OBJECTION 6: LEGAL ERROR IN THE SPOLIATION ANALYSIS (*RIMKUS*) [ECF Doc. No. 65 at p.6]

Plaintiff objects to Section II.B of the Report [ECF Doc. No. 65 at p.6], which recommends denying spoliation sanctions under *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 615–16 (S.D. Tex. 2010), solely because TWC lacked common-law agency control over TXST.

- **Actual Notice and Statutory Funding Control:** TWC-VR was served with formal litigation holds on March 20, 2026 [ECF Doc. No. 34-5] and May 23, 2026 [ECF Doc. No. 34-6], received explicit written notice of TXST's impending disposal deadlines on May 27 [ECF Doc. No. 34-7], June 15 [ECF Doc. No. 35-1], June 17 (copying AAG Bryan) [ECF Doc. No. 35-2], and July 17, 2026 [ECF Doc. No. 35-3], and held sole statutory authority to fund freight transit to prevent foreseeable evidence destruction.

- **Admitted Destruction by TXST During Pending TRO:** On July 21, 2026—while Plaintiff's Emergency Motion for TRO [ECF Doc. No. 22] was actively pending—TXST admitted in writing that they unilaterally sorted Plaintiff's property and permanently **discarded and destroyed** items they arbitrarily classified as "low value," including academic records, BVI vocational tools, [physical and electronic] litigation evidence, and irreplaceable assets. [ECF Doc. No. 26-1]

- **Preservation Against Served Custodial Defendants:** Even if TXST's physical destruction is not imputed to TWC under *Rimkus*, Section II.B must be modified to expressly preserve Plaintiff's right to seek spoliation sanctions and adverse-inference remedies directly against the served TXST Defendants. [ECF Doc. No. 61]

## VII. OBJECTION 7: RECORD CLARIFICATION REGARDING FOOTNOTE 1 (*FARGUSON* DICTA) [ECF Doc. No. 65 at p.2 n.1]

Plaintiff objects for the record to **Footnote 1** [ECF Doc. No. 65 at p.2 n.1], which quotes *Farguson v. MBank Hou. N.A.,* 808 F.2d 358, 359 (5th Cir. 1986), warning against *pro se* litigants who "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."

Injecting vexatious-litigant dicta into a Report that makes no finding of bad faith or sanctionable conduct is wholly inappropriate on this record and acts as a chilling effect on Plaintiff's right to litigate his federal civil rights claims on the merits.

Rather than reflecting docket abuse, the Court's own record refutes any factual predicate for *Farguson* and confirms disciplined, patient compliance:

- **Patient 97-Day Wait and Complete Restraint After Briefing Closed:** Plaintiff filed (*Sanctions and Return of Seized Property*) [ECF Doc. No. 34] on August 15, 2026, (*Leave to File Suppl Exhibits L thru T*) [ECF Doc. No. 35] on August 17, (*Emergency Motion for Writ of Replevin*) [ECF Doc. No. 37] on August 26, and [ECF Doc. No. 42] on September 17, 2026—and waited 97 days for a ruling.

After Defendants filed their Response [ECF Doc. No. 50] and Plaintiff filed his Reply [ECF Doc. No. 51] on October 23, 2026, Plaintiff filed zero additional property motions while awaiting disposition; every subsequent filing consisted solely of required case management (*Change of Address*) [ECF Doc. No. 52], (*Amended Complaint*) [ECF Doc. No. 53], summons requests [ECF Doc. Nos. 54, 55], and an advisory regarding an 88-day pending PACER exemption motion [ECF Doc. No. 59] that the Magistrate Judge granted three days later. [ECF Doc. No. 60]

- **Granted Evidentiary Supplements**: The Report itself **granted** Plaintiff's motions to supplement the evidentiary record [ECF Doc. Nos. 35, 42]—relief fundamentally inconsistent with any suggestion that Plaintiff's filings were meritless or abusive.

- **Appellate Record Without Sanctions**: Two separate Fifth Circuit panels granted Plaintiff in forma pauperis status (Nos. 26-50388 and 26-50807), issued zero sanctions warnings, and explicitly acknowledged in No. 26-50807 that Plaintiff "may have suffered injustice."

Attaching *Farguson* boilerplate to a disabled *pro se* litigant seeking to recover undisputedly owned property and enforce federal statutory rights under 29 U.S.C. § 723(a)(7)–(8) chills legitimate merits advocacy and invites Defendants to mischaracterize the record in subsequent briefing. Plaintiff respectfully requests that the Court strike or decline to adopt **Footnote 1** [ECF Doc. No. 65 at p.2 n.1] and clarify that no finding of harassment, bad faith, or docket abuse has been made.

## VIII. CONCLUSION

The Report and Recommendation [ECF Doc. No. 65] adopts unverified defense assertions without addressing Plaintiff's Reply [ECF Doc. No. 51], omits Plaintiff's pending Preservation Motion [ECF Doc. No. 41], overlooks that the custodial TXST Defendants were formally served on November 10, 2026 [ECF Doc. No. 61], bypasses TWC-VR's independent federal funding mandate under 29 U.S.C. § 723(a)(7)–(8) and 34 C.F.R. §§ 361.48(b)(7)–(8), and attaches unwarranted *Farguson* dicta [ECF Doc. No. 65 at p.2 n.1]. Independent *de novo* review under 28 U.S.C. § 636(b)(1)(C) requires sustaining these Objections or modifying the disposition to preserve full merits relief against all served Defendants.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark L. Short respectfully requests that the Court:

1. Conduct a *de novo* review of the Report and Recommendation [ECF Doc. No. 65] pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3);
2. AFFIRM the Magistrate Judge's Order granting Plaintiff's Motion for Leave to File Exhibits [ECF Doc. No. 35] and Motion to Supplement [ECF Doc. No. 42];
3. SUSTAIN Plaintiff's Objections, decline to adopt the recommendations in [ECF Doc. No. 65], and enter an Order compelling the TWC Defendants to fulfill their independent federal statutory duties under 29 U.S.C. § 723(a)(7)–(8) and 34 C.F.R. §§ 361.48(b)(7)–(8) by authorizing and funding insured freight transit of Plaintiff's surviving privately owned property; and
4. IN THE ALTERNATIVE, modify the Order to:

a) clarify that Plaintiff's Emergency Motion for a Preservation Order and Execution of Writ of Replevin [ECF Doc. No. 41] remains pending and unadjudicated;

b) specify that any denial of [ECF Doc. Nos. 34, 37] as to the TWC Defendants is expressly WITHOUT PREJUDICE to seeking immediate property recovery, injunctive relief, and spoliation sanctions directly against the served TXST Defendants [ECF Doc. Nos. 53, 61];

c) preserve full merits adjudication of TWC's independent statutory transit obligations and the November 16, 2026, certified federal RSA-911 data extract [ECF Doc. No. 64-2]; and

d) decline to adopt **Footnote 1** [ECF Doc. No. 65 at p.2 n.1] and clarify that no finding of harassment, bad faith, or docket abuse has been made against Plaintiff.

Respectfully submitted,

*/s/ Mark L. Short*

___________________________

**Mark L. Short**, BSCS
Plaintiff, *Pro Se*
3220 69th St H8
Galveston, Texas 77551
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: November 22, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**Counsel for TWC Defendants:**

**Elizabeth Bryan**
Assistant Attorney General
General Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station, MC-019
Austin, TX 78711-2548
Phone: (737) 230-4700
Email: elizabeth.bryan@oag.texas.gov

I further certify that because my severe physical disabilities (vision and mobility) and lack of transportation render physical mailing impossible, a true and correct copy of the foregoing was served via electronic mail on November 22, 2026, to the official university email addresses of the following unrepresented Defendants:

Texas State University (via TSUS General Counsel)
Email: tsusgencoun@txstate.edu

Dr. Kelly Damphousse
Email: president@txstate.edu

Dr. Cecil Richard Compeau Jr.
Email: crc194@txstate.edu

Kate Gannon-Cullinan, DHRL Director
Email: dhrldirector@txstate.edu

Respectfully Submitted,

*/s/ Mark L. Short*

**Mark L. Short,** BSCS
Plaintiff, *Pro Se*
3220 69th St H8
Galveston, Texas 77551
Phone: (940) 337-7005
Email: markl_short@yahoo.com

Dated: November 22, 2026